WESTBROOK *v.* ROBINSON and Another.

WESTBROOK
v.
ROBINSON.

Suit by the assignee of the payee of a promissory note against the maker. Pleas, the general issue, payment, and former recovery. *Held,* that the defendant might prove by the plaintiff's written acknowledgment, that the note was assigned to the plaintiff only as a security for a debt of a less amount than that of the note ; and might also prove that he, the defendant, had, with notice of the assignment, paid the note to the assignor. *Held,* also, that upon those facts being proved, the plaintiff might recover the amount of the debt intended to be secured by the assignment of the note, but no more.

ERROR to the *Lake* Circuit Court.

DEWEY, J.—*Robinson* and another sued *Westbrook* on a promissory note for 100 dollars made by him on the 27th of *February,* 1837, to one *Knickerbacer,* payable in ninety days, and assigned by the latter to the plaintiffs on the 29th of *March* of the same year. Pleas, the general issue, payment, and former recovery ; issues on all the pleas ; trial by the Court without a jury, and judgment for the plaintiffs for the amount of the note.

On the trial, the defendant offered in evidence the written acknowledgment of the plaintiffs to *Knickerbacer,* of the same date with the assignment of the note, that they had received it of him in security for the sum he then owed, or should at the maturity of the note owe them, and their promise to return the note on the payment of the sum due. The defendant also offered to prove the written admission of the plaintiffs that *Knickerbacer* owed them but 20 dollars ; and he further produced *Knickerbacer's* receipt in full for the note dated *July* the 5th, 1837, stating that it had been left as a pledge with the plaintiffs. The testimony was all objected to by the plaintiffs, and excluded by the Court. The defendant excepted.

We think the testimony should have been received. It is evident from the whole transaction, that the real object of the plaintiffs and *Knickerbacer* was the security of the debt which the latter owed the former. By the assignment of the note, which was made to effect that object, it is true, the legal ownership of it was vested in the plaintiffs, and they were authorised to sue in their own names, or to collect the whole amount of the note without suit. But the equita-

VOL. V.—14

*Thursday,
May 23.*

May Term, 1839.

ble and beneficial interest in so much of the money as was not necessary to secure the plaintiffs remained in *Knickerbacer*, and, had they received that part, he could have compelled them to pay it over to him. We know of no good reason why he should not be allowed to control that part as well before it reached their hands as afterwards ; and to the amount of it, we think the defendant was entitled to the benefit of *Knickerbacer's* receipt in defence. The plaintiffs can have no right to complain, so long as their security for the money due them by *Knickerbacer*—the real object of the assignment of the note, is not impaired. What sum was due them from him was a proper subject of inquiry for the Court—a jury being waived,—and should have been the amount of the judgment.

As the defendant had notice the note was pledged when he paid it to *Knickerbacer*, he acted at his peril so far as the interest of the plaintiffs was concerned, and no farther.

An objection was made to the admission of the note in evidence, on account of an alleged variance arising from the misspelling of *Knickerbacer's* name in the note. The objection was properly overruled ; there was no material variance.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the issues set aside, with costs. Cause remanded, &c.

*J. A. Liston*, for the plaintiff.

*C. B. Smith*, for the defendants.