Falkenberg vs. Gorman.

---

FALKENBERG, Respondent, vs. GORMAN, Appellant.

*January 31 — February 28, 1888.*

*New trial: Discretion: Negligence of attorney: Stipulation.*

1. Before a case had been placed on the day calendar, the defendant's attorney had twice notified her to call at his office respecting the same. On the day of the trial he telephoned twice to her place of abode that it was important that he should see her, and afterwards called twice at such place of abode, finally finding her there in bed, dead drunk. In her absence a verdict was rendered against her. *Held,* that there was no abuse of discretion in denying a motion to set aside such verdict on the ground of the negligence of her attorney.

2. The attorneys in a case stipulated that it should be placed at the foot of the calendar, but with the understanding that if reached in its regular order by a certain day it should then be tried. The stipulation was contrary to the rules of the court. The case was reached on the day mentioned, and in the absence of the defendant a verdict was rendered against her. *Held,* that the making of the stipulation furnished no reason for setting aside the verdict.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action of replevin for certain baggage and effects of the plaintiff, commenced in justice's court. The defendant justified the detention by virtue of a lien as boarding-house keeper. On the trial before the justice, the plaintiff recovered. The defendant appealed to the county court. The cause was noticed for trial in that court, and placed upon the day calendar for September 29, 1886. The cause was reached for trial on the afternoon of that day, and tried in the absence of the defendant. Upon that trial, the plaintiff obtained a verdict in her favor. Up to October 4, 1886, the defendant's attorney in the cause was Mr. Simon. At or about that time, the defendant's attor-

neys on this appeal were substituted in his place.   October 28, 1886, upon the affidavit of the defendant and another, and a certain stipulation between the attorneys, the plaintiff was ordered to show cause October 30, 1886, why said verdict should not be aside and a new trial granted.   Upon the hearing of that motion, affidavits were read in opposition; one of which was made by said Simon, another by the defendant's mother, and another by one of the attorneys for the plaintiff.   From the order denying said motion the defendant appeals.

For the appellant the cause was submitted on the brief of *Jared Thompson, Jr.*

For the respondent there was a brief by *Fiebing & Killilea*, and oral argument by *Mr. Killilea*.

CASSODAY, J.   The limitations upon the discretion vested in trial courts in the matter of opening defaults and allowing a defense have been so often and so recently stated by this court as to require no repetition here.   *Whereatt v. Ellis*, 70 Wis. 207, and cases there cited.   Upon the rules thus established, we do not feel justified in holding in this case that there was any abuse of such discretion.   In some particulars the affidavits were conflicting.   Mr. Simon gives in detail his conduct in relation to the case from September 20, 1886, to October 4, 1886, when the case was taken from him.   It appears from that affidavit that he notified the defendant by letter to call at his office respecting the case as early as September 20, 1886, but that she did not do so; that on the morning of September 28, 1886, he repeated such notice by letter, but got no response; that at 2 P. M. of that day the next day's calendar was made up, including this case, which was the sixth and last on that day's calendar; that September 29, 1886, at 8:30 A. M., he telephoned the defendant's husband at her place of abode in Milwaukee, and the response came that the defendant

was in bed; that at 9 A. M. the same was repeated, with the same response; that he then telephoned at her said place of abode the importance of seeing her; that at 10:30 he called at her place of abode, and was then informed that she was not there, and had not been there for a day or so, but was at her mother's, sick in bed; that he then went to her mother's house, and was there informed that she was not there, but was at her aunt's; that he then went to her aunt's, and was there informed that she had gone home; that soon after 4 P. M. he again went to the defendant's house, and was there informed by her mother that she was sick in bed,— "dead drunk;" that he then went where he could see into her bedroom, and there saw her in bed in an unconscious condition. The facts are stated in a way to carry conviction; and in relation to her condition and some other particulars Mr. Simon was corroborated by the defendant's mother and the plaintiff's counsel. A party who is absent under such circumstances is not in a condition to obtain relief from the equity side of the court on the ground of the negligence of her attorney.

2. It is moreover claimed that the motion should have been granted, because the stipulation mentioned operated as a continuance of the cause. It appears that September 30, 1886, was a day to be kept sacred, or as a holiday, in the belief of Mr. Simon. Fearing that the case might not be reached for trial on September 29, 1886, he on that day, and some time before it was in fact reached, and for his own accommodation, induced the plaintiff's attorneys to stipulate with him, in effect, that the case be placed at the foot of the September calendar, and then not to be tried until reached in its regular order, but with the understanding that the cause should be tried if reached in its order on the day calendar of the 29th, as it was. The court refused to receive the stipulation, on the ground that it was contrary to the rules of the court, as appears to have been the

fact.   Manifestly, the making of the stipulation, under the circumstances mentioned, furnished no reason for opening the default.

*By the Court.*— The order of the county court is affirmed.