Smith, Trust., *v.* Wells Manf. Co. *et al.* & Findlay Window, etc., *et al.*

a defense to say that the commissioner and contractor were not prosecuting the work pursuant to the plans and specifications.  *  *  *  The collection of assessments to meet the expenses of constructing a public ditch is one thing, and determining the question as to whether it has been completed according to the order of the court is quite another and different thing."

Indeed, considering only what is said in the cases of *Racer* v. *State* and *Racer* v. *Wingate*, it must follow, as we think, that in the case at bar the court did not err in sustaining the demurrer to the complaint.

The restraining order heretofore issued by this court is, therefore, dissolved; and the judgment in the court below is affirmed.

Filed March 10, 1896.

NOTE.—The numerous decisions as to injunctions against execution sales, or other proceedings under final process, are collected in a note to *Parsons* v. *Hartman*, (Or.) 30 L. R. A. 98.

No. 17,723.

SMITH, TRUSTEE, *v.* WELLS MANFG. COMPANY ET AL. AND SMITH, TRUSTEE, *v.* FINDLAY WINDOW GLASS CO. ET AL.

APPEAL.—*Misjoinder of Parties.*—*Consolidated Actions.*—*Foreclosure of Mortgages.*—*Reversal.*—The joining of the plaintiff in one of two consolidated foreclosure actions as appellee, instead of appellant, in an appeal by the plaintiff in the other action from a judgment declaring both mortgages invalid, is ground for reversal, where both rely solely upon an assignment of error to the conclusion of law that both mortgages are invalid.

SAME.—*Dismissal by Clerk Under Court Rule.*—*Filing Brief.*—The failure of the clerk to comply with Supreme Court Rule 20, providing that if the appellant fails to file his brief within the time

limited therefor, the clerk shall enter an order dismissing the appeal, unless the appellee shall have filed a written request that the cause be passed upon by the court, does not obviate the cause for dismissal; and the appeal will be dismissed in the event contemplated, although the clerk has failed in his duty.

SAME.—*Filing Brief.—Computing Time.*—In computing the time in which a brief may be filed after submission on appeal, the first day must be excluded and the last day included.

From the Hancock Circuit Court.

*Hawkins & Smith* and *O. B. Jameson,* for appellant.

*R. A. Black, J. N. Doty* and *Black & Pugh,* for appellees.

McCABE, J.—Horace E. Smith, as trustee for a certain class of the creditors called the merchandise creditors of the Wells Manufacturing Company, an Indiana corporation, brought suit in said circuit court against said company and Henry Snow, its receiver, with leave of court, and the Findlay Window Glass Company, an Ohio corporation, to foreclose a mortgage on the entire property of said corporation, executed by said Wells Manufacturing Company to said trustee for the benefit of the class of creditors mentioned.

The Findlay Window Glass Company was made a defendant because it claimed to have a mortgage on the same property, executed by the same mortgagor to secure an alleged indebtedness from said Wells company to said Findlay company. About the same time the said Findlay company brought suit in the same court against said Wells Manufacturing Company to foreclose a mortgage executed, as alleged, by said Wells company prior to the alleged execution of the first mortgage mentioned. The whole property of the Wells company had been sold and converted into

cash by its receiver and was in his hands, amounting to $4,370.56. Both plaintiffs were seeking to fasten a lien on the fund in the hands of the receiver through a foreclosure of the mortgage of each, and each claiming that the mortgage of the other was invalid or inferior to the lien of the mortgage set up in the complaint of each.

Issues were formed at great length on the complaint, answers and cross-complaint in the first case, and by agreement in the trial court the two cases were consolidated, with a further agreement that all evidence should be admissible under an answer of general denial, which was pleaded in the second,that was admissible under the pleadings in the first.

A trial of the consolidated case by the court without a jury resulted in a special finding, on which the court stated conclusions of law that both mortgages were invalid and of no effect and that the trustee, Smith, was entitled to recover of the Wells company, $11,581.07, and that the Findlay company was entitled to recover of the Wells company $12,349.50, and that each of the plaintiffs should pay half of the costs.

Judgment was rendered on the finding pursuant to the conclusions of law, directing each judgment to be paid out of the assets in the hands of the receiver *pro rata*, and without any preference or priority between them and other creditors, if any.

The errors assigned are very lengthy, but all are abandoned in the briefs except those relating to the conclusion of law that both mortgages were invalid and of no effect. Each of the plaintiffs severally excepted to each of the conclusions of law.

In their argument here, they each assail that part of the one conclusion of law that holds such party's mortgage invalid, and they each, at great length and with earnestness, insist that that part of the con-

clusion holding the mortgage of the other invalid was correct. It, therefore, appears that they were both precisely alike dissatisfied with the judgment which was against each of them precisely alike.

But Smith, trustee, alone appeals and makes the Findlay company an appellee along with the Wells company and its receiver, Snow.

The only difference between the error assigned by Smith, trustee, and that by the Findlay company, and not abandoned by each, is that Smith assigned error as appellant, and the Findlay company assigns as appellee, and by what its counsel is pleased to call cross-error, the conclusions of law and each of them. The assignments of error as to the conclusions of law of appellant and the supposed appellee, the Findlay company, are exactly alike.

It therefore appears that the Findlay company was just as proper and necessary an appellant in this appeal as Smith, trustee, and according to the repeated decisions of this court, the failure to make it such appellant was ground for dismissal of the appeal. *Gregory* v. *Smith*, 139 Ind. 48.

But this was a term time appeal, and therefore must be governed by the provisions of the act approved March 9, 1895, Acts 1895, p. 179. It provides: "That whenever a part of any number of co-parties against whom a judgment has been taken, shall appeal from such judgment to the Supreme or Appellate Court under the provisions of section 638 of the Revised Statutes of 1881, providing for term time appeals, it shall not be necessary to make such co-parties not appealing, parties to the appeal, and it shall not be necessary to name them as appellants or appellees in the assignment of errors, but they shall be bound by the judgment on appeal to the same extent as if they had been made parties. After any

such appeal has been perfected, any co-party not joining therein, may, at any time, while such appeal is pending, and within one year from the date of the final judgment, assign errors for himself upon the record and have all the questions properly presented, decided by the court, and he shall have all the rights, in relation to such appeal, that he would have had if he had joined in the appeal orginally."

Under this statute it is not necessary in a term time appeal to name co-parties, either as appellants or appellees, in the assignment of errors. And it authorizes any such co-party, while such appeal is pending, within one year from the date of the judgment, to assign errors for himself upon the record, and have all the rights in relation to such appeal that he would have had if he had joined in the appeal originally. Whether this authorizes such party, who ought to have been joined as an appellant, to assign errors for himself as appellee under the right to assign cross-errors, we need not now decide.

Assuming, without deciding that he may assign such errors under the name of either appellant or appellee, and under the title of assignment of errors or cross-errors, such party occupying the position held by the Findlay company here is nevertheless practically and in effect an appellant, because such party is seeking as much to reverse the judgment as the one who appears as the actual appellant.

But this appeal must be dismissed for another reason. The cause was submitted on September 23, 1895. On November 22, 1895, being the 60th day after submission, the appellant filed a petition asking an extension of thirty days beyond the time limited by the rules of this court in which to file appellant's brief. To this petition was attached the written consent to such extension by the apparent appellee, the Findlay

company, but no other appellee consented to such extension. This court, without the knowledge that both parties to such agreement were really appellants, extended the time thirty days beyond that allowed for filing a brief for appellant, which makes ninety days from the submission of the appeal the appellant had in which to file his brief. His brief was not filed until December 23, 1895, the first brief filed in the cause. The date of the submission being September 23, 1895, we must exclude that day in the count and include the 23d day of December, the statute requiring the first day to be excluded and the last day to be included. R. S. 1894, section 1304 (R. S. 1881, section 1280). Excluding the 23d day of September we have seven days in that month, thirty-one days in October, thirty days in November, and twenty-three in December, making ninety-one days. Rule 20 of this court requires the clerk in case the appellant fails to file his brief within the time limited therefor, to enter an order dismissing the appeal, unless the appellee shall have filed a written request that the cause be passed upon by the court. No such request was filed.

Therefore, on December 22, 1895, the time for filing appellant's brief expired and the clerk of this court should have entered an order dismissing the appeal.

His failure to so dismiss the appeal did not remove or obviate the cause for such dismissal.

The appeal is therefore dismissed.

Filed March 10, 1896.