THE MANNS BROTHERS BOOT AND SHOE COMPANY ET. AL. *v.* TEMPLETON ET AL.

[No. 17,620. Filed Oct. 22, 1896. Motion to reinstate appeal overruled Nov. 13, 1896.]

APPEAL AND ERROR.—*Dismissal for Failure to File Brief Within Sixty Days.*—*Waiver.*—*Rules of Supreme Court.*—Where appellant's brief is not filed within sixty days after a cause is submitted it becomes the imperative duty of the Clerk of the Supreme Court, under rule twenty, to enter an order dismissing the appeal, unless before the expiration of the time limited the appellee shall have filed with the clerk a written request that the cause be passed upon by the court, and neither the clerk nor the parties by agreement can waive the requirement of such rule, except in the manner provided in its terms.

From the Decatur Circuit Court. *Appeal dismissed.*

*Cortez Ewing* and *Davison Wilson*, for appellants.

*B. F. Bennett* and *Thomas E. Davidson*, for appellees.

JORDAN, J.—Appellants unsuccessfully prosecuted this action against appellee in the lower court to set aside certain alleged fraudulent mortgages, assignments, and transfers, etc.

It appears from the record that this appeal was submitted and notice thereof issued on June 22, 1895. On the 16th of the following September appellant's brief was filed. This brief does not appear among the papers in the cause. On September 17, 1895, appellants and appellees filed with the clerk a written agreement, wherein it is recited that "it was heretofore agreed that said cause should not be dismissed for failure of appellants to file a brief within the time required by the rules of court." On January 20, 1896, a "substituted brief" was filed by appellants.

Rule twenty of this court provides: "Where a cause is submitted on call, by agreement, or upon notice, the appellant shall have sixty days in which to file a brief, and if a brief is not filed within the time limited, the clerk shall enter an order dismissing the appeal, unless the appellee shall have filed with the clerk a written request that the cause be passed upon by the court," etc. In the case at bar appellants did not file a brief until nearly a month after the expiration of the limit fixed by the above rule. This rule is mandatory, and if appellants' brief is not filed within sixty days after a cause is submitted it becomes the imperative duty of the clerk of this court to enter an order dismissing the appeal, unless before the expiration of the time limited, "the appellee shall have filed with the clerk a written request that the cause be passed upon by the court." Neither the clerk nor the parties by agreement can waive the requirement of the rule in question, except in the manner provided by its terms. *Stephens* v. *Stephens*, 51 Ind. 542; *Murray* v. *Williamson*, 79 Ind. 287; *Shulties* v. *Keiser*, 95 Ind. 159; Elliott's App. Proc., section 449.

It is the duty of the clerk after the submission of a cause to examine the record and ascertain if the appellant has filed a brief within the time allotted, and if

not, in the absence of the written request of appellee, he must enter an order dismissing the appeal. If, through inadvertence or otherwise, he fails to discharge this duty, and the fact of this neglect is apparent from the minutes upon the record, this court, on its own motion, not only may, but should, order the clerk to discharge this duty. We must now, therefore, order to be done what he omitted to do at the expiration of the period for the filing of appellants' brief.

The clerk is directed to enter an order dismissing this appeal at the cost of appellants.