HUGHES, Sheriff,

*v.*

KELLY *et al.*

(*Supreme Court of Appeals of Virginia, March 31, 1898.*)

[30 S. E. Rep. 387.]

**Pleading and Practice—Action of Debt—Plea of Nil Debet—What May Be Proved under.***

Where plaintiff, in an action of debt on a sealed instrument, replies to a plea of nil debet, he will be put on proof of every allegation in his declaration, and defendant may avail himself of every defense which may be proved under said plea, including fraud.

**Same—Waiver of Objection to Scope of Defense.**

Where plaintiff does not object to proof beyond the scope of defendants' statement of their defense or ask for an additional specification, he cannot complain on appeal.

**Same—Evidence—Motion to Strike Out—Bill of Exceptions to Refusal.**

A bill of exceptions reserved to the denial of a motion to strike out testimony is insufficient, where it does not distinctly set out the testimony.

**Same—Same—Same.**

Where only a part of the testimony of a witness is improper, a motion to strike out his entire testimony will be overruled.

**Same—Bills of Exception—Rules Regulating Cannot Be Abrogated by Stipulation.**

A rule requiring a bill of exceptions to distinctly point out the error complained of is one necessary for the proper discharge of the court's duties, and cannot be abrogated by stipulation.

---

*See monographic note on "Action of Debt" appended to Davis *v.* Mead, 13 Gratt. 118 (Va. Rep. Anno.); also, monographic note on "Bills of Exception" appended to Stoneman *v.* Com., 25 Gratt. 887 (Va. Rep. Anno.).

**Same—Instruction—Facts Omitted.**

It is not error to refuse an instruction based on a correct hypothetical statement of facts, where such statement omits other material facts in the case.

**Fraudulent Conveyances—Good Faith—Case at Bar.**

Where property was conveyed for the benefit of creditors to a trustee, and the trustee sold it to the wife of the debtor, and it was afterwards taken on fi. fa. against the husband, the question whether the transaction was fraudulent depended on the wife's good faith and want of notice, and not on the good faith of the trustee.

**Action for Wrongful Taking of Property under Fi. Fa.—Instructions.**

In an action by the wife for a wrongful taking of the property under said fi. fa., an instruction that unless, at the time of the levy, the property belonged to the husband, the jury should find for plaintiff, was misleading.

**Same—Question for Jury—Case at Bar.**

In an action to recover the value of property taken on fi. fa. against plaintiff's husband, it appeared that the property had formerly belonged to him, and that he had conveyed it to a trustee for the benefit of creditors, and that plaintiff had bought the property at a public trustee's sale: *held*, that the fact that the conveyance to the trustee was fraudulent was a proper circumstance for the jury to consider in determining whether plaintiff held the property in her own right·or for her husband, even though she had no notice of fraud practiced by him in conveying to the trustee.

Error to law and equity court of city of Richmond.

Action by J. T. Hughes, sheriff, for the benefit of C. A. Sweeney, against John Kelly, and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

*L. O. Wendenburg,* for plaintiff in error.

*Smith, Moncure & Gordon* and *Ed. Waddill, Jr.,* for defendants in error.

KEITH, P., delivered the opinion of the court.

John Kelly sued out of the clerk's office of the circuit court

of the city of Richmond an execution for $417.58, with interest and costs, upon a judgment obtained by him against James Sweeney. This execution was levied upon certain property, and, a doubt having arisen as to whether or not it was liable for such levy, the sheriff applied for and obtained an indemnifying bond from John Kelly as principal and Michael Kelly as surety, which is in the usual form. The sheriff thereupon proceeded to sell; whereupon an action of debt upon this bond was brought in the law and equity court of the city of Richmond in the name of Hughes, sheriff, for the benefit of C. A. Sweeney, the wife of the judgment debtor, who claims that the property sold belonged to her, and not to James Sweeney.

The defendants appeared, and pleaded nil debet, and upon this plea the plaintiff took issue.

Nil debet is the proper plea, and is the general issue, in an action of debt on simple contract. It would, in this case, have been bad on demurrer; but no objection by demurrer or otherwise having been made, and a verdict and judgment having been rendered upon it, the defect is cured, and could not now be insisted upon, were there a disposition to do so.

Where the plaintiff, in an action of debt on a bond, instead of demurring, replies to a plea of nil debet, he will be put upon proof of every allegation in his declaration; and the defendant may avail himself of any ground of defense which, in general, might be taken advantage of under that plea. 3 Enc. Pl. & Prac. p. 664; Gargan v. School Dist., 4 Colo. 53; Garland v. Davis, 4 How. 146; Bart. Law Prac.

The plaintiff, while not objecting to the plea of nil debet, did ask the court to require the defendants to state the ground of defense upon which they expected to rely under that plea, which was done as follows:

"The ground of defense to this action is that the property in question which was levied on by the sheriff was the property of James Sweeney, the judgment debtor, and was property

subject to the lien of the fi. fa., because it was the property of James Sweeney, and not the property of C. A. Sweeney."

The most material allegation in the plaintiff's declaration— the one upon the truth or falsity of which the result of this controversy must depend—is that the property levied upon, at the time of the seizure and sale under the execution, "was the lawful and absolute property of C. A. Sweeney, and not the property of James Sweeney." The plea of nil debet denied this allegation, and put the plaintiff upon proof of it ; and the statement of the defense clearly pointed out to the plaintiff the ground upon which the defendants relied,—that the property levied upon in truth and fact belonged to James Sweeney. The evidence, from the beginning to the end, shows that the defendants proposed to prove to the jury that the claim of C. A. Sweeney was based upon a fraud practiced upon his creditors by James Sweeney, of which C. A. Sweeney had knowledge and in which she participated. She herself (the actual plaintiff in this case) was the first witness examined, and the cross-examination to which she was subjected was quite sufficient to bring to her knowledge the character of the case which she would be required to meet. The plaintiff should, then, if she felt that the defendants were being allowed a latitude in their introduction of proof not justified by their statement of defense, have asked the court to exclude the evidence, or to require an additional statement or specification from the defendants, and, upon the court's refusal to entertain the motion, should have brought its action before us upon a proper bill of exceptions. Under the plea of nil debet, where that plea is proper, fraud in the transaction which is the subject of investigation may be proved ; and the authorities show that while nil debet is not a correct plea, if tested by a demurrer, in an action upon a sealed instrument, yet, if issue be joined upon it, it puts the plaintiff upon proof of every material averment in his declaration.

The case, then, is as follows : The defendant levied upon

certain property which the plaintiff claimed, and she now sues to recover damages for its seizure and sale. The defendant replies : ''I owe you nothing, because you never had title to the property upon which the levy was made, and the pretended title by which you claim it is fraudulent and void, and cannot stand in the way of the assertion of my just rights in the premises.''

The position of the defendants would seem to be tenable had the plaintiff so presented her case as to require of us a decision upon the point, but this court has time and again held that it will not consider objections presented in bills of exceptions such as the one disclosed in this record.

After all the evidence was in, the plaintiff ''moved the court to strike out 'the following respective portions of testimony, and each respective portion is to be treated as if made under a separate motion, if this be deemed necessary : First, the testimony of C. A. Sweeney bearing upon the life and condition of M. J. Fenton in 1883 ; secondly, the testimony of C. A. Sweeney as to how she obtained the Byrd street real estate and Church Hill property, which she has owned for 17 years, and the Henrico farm, which she owned 15 years ; thirdly, the testimony of C. A. Sweeney in reference to the purchase of the equity of redemption in the stable ; fourthly, the testimony of C. A. Sweeney in reference to the two notes for $1,133 and $1,166 secured by James Sweeney on the stable prior to his assignment ; and, fifthly, the testimony of James Sweeney in reference to each of the above matters.''

This would require the court to read the testimony of the witnesses in each of these depositions, covering many pages of the record, and ascertain to what the several objections herein enumerated were intended to apply, and then to consider whether or not they were well taken. This is not the duty of this court. Where our judgment upon the admissibilty of testimony is asked, we have repeatedly declared what the proper practice is. Railroad Co. v. Shott, 92 Va. 34, 22 S. E. 811 ;

Railroad Co. v. Ampey, 93 Va. 108, 25 S. E. 226 ; Kimball v. Carter (Va.) 27 S. E. 823.

The motion further asks that the testimony of Rafter, King, Fagan, Scott, and Donly be excluded. It may be conceded that parts of the testimony of each witness is irrelevant and improper, but in the form in which the objection was made, if any part of the testimony of either witness was relevant and proper, the testimony of that witness should not have been excluded. Fraud is usually proved by circumstances, and one witness rarely proves all the circumstances relied upon to establish fraud ; but one witness may prove one fact, and another fact may be proved by some other witness, and the testimony, taken together, may form a connected chain of circumstances sufficiently strong to sustain the verdict of the jury, and that is the case with the testimony of the witnesses which the plaintiff asks the court to exclude. In that of each one of them may be found a circumstance tending to prove a fraudulent purpose as to James Sweeney, or knowledge of that purpose upon the part of Catherine Sweeney. The exception should have pointed out the irrelevancy or improper questions and answers.

The plaintiff seeks to take his motion out of the operation of the cases to which we have referred and others of similar import by force of an agreement between counsel "that one exception might be made at the closing of the testimony by the plaintiff to the admissibility of all improper, illegal, or irrelevant testimony." This agreement, properly construed, does not undertake to alter the practice which this court has declared to be proper, and if, upon a proper construction, it had disclosed a purpose to do so, we should disregard it. The rule which we have laid down was adopted after mature consideration, is necessary, in our judgment, to the proper discharge of our duties, and cannot be abrogated by any stipulation entered into by counsel.

We are of opinion that there is no error in the ruling of the court as disclosed by the first bill of exceptions.

After the evidence was all in, the plaintiff offered certain instructions, which were refused. The proof showed that James Sweeney, having become embarrassed, conveyed his property, consisting of certain real estate described in the deed, and carriages, horses, harness, tools, provender, and household and kitchen furniture, to W. W. Cosby, trustee, for the benefit of certain creditors. Under this trust Cosby sold the property conveyed to him, and C. A. Sweeney, the wife of the grantor, purchased it. It may be conceded that this conveyance vested an unassailable title in the trustee, there being no evidence to show that Cosby knew of, or participated in, any fraudulent purpose that may have actuated James Sweeney; and it is true that a purchaser from the trustee who had thus acquired a good title would not be affected by the fraud of his remote grantor. If, then, Cosby was innocent, he could convey a good title to Mrs. Sweeney, who knew of the covinous act of her husband; but that is by no means the case which the jury was here called upon to decide, and to have instructed them from that point of view would have been to mislead them. The defendants' whole case concedes the title to have been placed in Cosby, trustee. The second instruction, therefore, which, in effect, requires the jury to find for the plaintiff unless they believe that Cosby, the trustee, participated in the fraud, was properly rejected by the court; and the first instruction, which requires the jury to find for the plaintiff unless they believe that the property levied upon belonged to James Sweeney at the time of the levy, was, in the form in which it was asked, calculated to mislead the jury, and the proposition which it enbodies was sufficiently presented to the jury in instructions given by the court which invited the jury to the consideration of the facts of the case before them.

The fourth instruction asked for by the plaintiff was that if the jury "believe from the evidence that C. A. Sweeney pur-

chased the property levied upon and sold by the defendant as charged in the declaration, at public auction, and was the owner thereof at the time of said levy and sale, they must find for the plaintiff."

By the fifth instruction the court was asked to tell the jury that if they "believed from the evidence that the said livery business was conducted after the sale by Cosby, trustee, until the day of levy, in the name of C. A. Sweeney, that the licenses were in her name, that the bank account was kept in her name, and the purchases were made in her name, they cannot find for the defendants."

These instructions were properly refused,—the first because it singles out the purchase of the property by C. A. Sweeney at public auction as the controlling fact which the jury are to consider in determining its ownership, and the jury might well have inferred that a purchase at public auction carries with it some special virtue which would condone or excuse any irregularity of which the parties might have been guilty ; while, as to the fifth instruction, every fact hypothetically stated in it may be, and we presume was, true, and yet the title of the plaintiff have reeked with fraud.

By the sixth instruction the jury were told that if they believed from the evidence that the deed of assignment from Sweeney to Cosby was made in good faith, and that the property levied upon and sold was conveyed by it, that it was purchased at public auction by C. A. Sweeney, and the proceeds were distributed to John Kelly and other creditors ; and that C. A. Sweeney paid the purchase price by making a loan on her separate real estate, and then used the property in the livery business conducted by her,—they must find for the plaintiff.

This instruction leaves out of view the turning point of the case.    Was the purchase made by C. A. Sweeney in good faith ? All the hypothetical facts stated in the instruction may be true, and yet James Sweeney, with the knowledge and participation of

C. A. Sweeney, may have caused that property to be brought to the hammer under conditions which would render its sale a gross fraud upon his creditors ; and there was evidence before the jury tending to prove such a state of facts, but this evidence is wholly disregarded in the instruction asked for. It was properly rejected for this reason, and also because the law of the case was sufficiently presented in the instructions given by the court.

The seventh instruction is to the effect that fraud, when relied upon by the defendant, must be distinctly charged and clearly proved, and, as this was not done, no evidence of fraud or misconduct can be considered by the jury. This instruction has been sufficiently disposed of by what was said with respect to the plea of nil debet, for, under this plea, evidence of fraud may be given. This instruction was manifestly erroneous.

The eighth instruction asked for states "that the law does not presume fraud, and it is not to be assumed on doubtful testimony or circumstances of mere suspicion. The party alleging or charging fraud must clearly and distinctly prove it." The proposition here enunciated is sufficiently covered by the instruction given by the court.

The eleventh and twelfth instructions, which are as to the measure of damages in case the jury should find for the plaintiff, are sufficiently covered by the court's first instruction, which states the law correctly, and is as follows :

"The court instructs the jury that, if they find for the plaintiff, they must give such damages, as will cover the value of the property levied upon and sold, to C. A. Sweeney in her business, as well as the damages she has sustained by their removal and sale, not to exceed the amount of the indemnifying bond."

The second instruction given by the court tells the jury "that, if they believe from all the evidence that Mrs. C. A. Sweeney was the bona fide purchaser of the property levied upon and sold under the defendants' execution against James Sweeney, they should find for the plaintiff. But if the jury believe that

she was not the bona fide purchaser thereof, but that her alleged purchase was a device to transfer to her the title of Cosby, trustee, for the real benefit of James Sweeney, and to shelter it under her name from liability to his creditors, they should find for the defendants. And in considering the question the jury should take into consideration all the evidence in the cause, and, if they believe from the evidence that the original deed of Sweeney to Cosby was founded in fraud, that is to be regarded as one of the circumstances to be weighed by the jury in connection with all the other circumstances detailed in evidence."

That instruction not only states the law correctly, but it is sufficient to enable the jury to consider and weigh all the evidence and render a just verdict. If Mrs. C. A. Sweeney was free from fault,—that is to say, acted in good faith in the purchase of the property, was the bona fide purchaser of it,—then the jury were told that they must find for the plaintiff ; but, if the jury believe that at the sale under the deed from Cosby she did not act in good faith,—that she was not the bona fide purchaser, but that she united in a fraudulent scheme and device to transfer the title of Cosby to James Sweeney, and to shelter it, under her name, from liability to his creditors,—then they should find for the defendants. Thus were the two antagonistic principles stated to the jury in the clearest and simplest terms, and in applying them the jury were told to take into consideration all the evidence in the cause, and, if they believed from that evidence that the original deed from Sweeney to Cosby was founded in fraud, that was one circumstance to be weighed, in connection with all the circumstances detailed in evidence, to enable them to decide whether or not Mrs. Sweeney acted in good faith when she became the purchaser of the property at the sheriff's sale, or was conniving at a scheme to shelter the property of James Sweeney from liability to his creditors.

The plaintiff asked the court to add to instruction No. 2 as follows : "But if the jury believe, further, from the evidence, that the title of Cosby, trustee, was bona fide for full value,

without notice on Cosby's part of any fraud on James Sweeney's part, and that said Cosby made a bona fide sale to her, for which she paid her separate estate, they must find for the plaintiff.''

This is but a renewal of the second instruction offered on the part of the plaintiff. It would make the result depend upon the good faith of Cosby, trustee, in the first branch of it, which is not the proper test, under facts of this case; while in the second clause, where the liability is made to depend upon the bona fides of the sale to Mrs. Sweeney, it is but a repetition of the proposition already presented in the instruction. This addition having been rejected, the plaintiff then asked that the following words be added :

''But if the jury believe from the evidence that Mrs. C. A. Sweeney had no notice of the fraud on the part of James Sweeney, and was not a party to said fraud, they must find for the plaintiff.''

This is directed to that portion of the instruction which informed the jury that, if they believed that the original deed from Sweeney to Cosby was founded in fraud, it may be regarded as one of the circumstances to be weighed by them in connection with other circumstances detailed in evidence ; and the proposed addition instructs the jury that, if Mrs. Sweeney had no notice of that particular circumstance, she is to be held innocent, and her title is to be established ; or if the fraud here referred to on the part of James Sweeney is not to be construed as limited to his fraud in the deed to Cosby, but as having reference to his purposes and conduct in connection with the whole case, then it is sufficiently covered by the instruction of the court. So that in one aspect of it the amendment which the plaintiff asked would have been erroneous, in another unnecessary, and it was in either event properly rejected.

The jury found a verdict for the defendants, and the plaintiff moved for a new trial. This motion is to be heard, under our statute (Code 1887, § 3484), as upon a demurrer to the

evidence, and, so considered, the evidence was ample to sustain the verdict, and the motion for a new trial was properly overruled.

Upon the whole case we are of opinion that there is no error in the judgment complained of, and it is affirmed.

. CARDWELL, J., absent.