MISSOURI, K. & T. RY. CO. v. KIDD.

(Circuit Court of Appeals, Eighth Circuit.  June 23, 1906.)

No. 2,293.

1. COURTS—RULES—DISCRETION IN ENFORCEMENT.

Parties to an action cannot, without the consent of the court, stipulate for the abrogation of rules which are formulated for its own benefit and are designed to facilitate the proper discharge of its own duties; when rules of such a character are disregarded, it is discretionary with the court whether it will enforce the prescribed penalty, and, in the absence of gross abuse of such discretion, its order in the premises will be respected on appeal or writ of error.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 294, 295; vol. 44, Cent. Dig. Stipulations, § 2.]

2. APPEAL—DISMISSAL—FAILURE TO FILE BRIEFS.

The dismissal of an appeal on the ground that the appellant did not file its brief until nearly three years after the time fixed therefor by the standing rule of the court and by its order made in the cause was within the discretion of the court, and the case was not altered by the fact that the delay was authorized by a stipulation of the parties made without the court's consent nor because a brief was filed a short time before the dismissal.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. §§ 3129, 3104–3108; vol. 44, Cent. Dig. Stipulations, § 2.]

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 88 S. W. 308.

From a judgment by Kidd against the railway company in a trial court the latter appealed to the United States Court of Appeals in the Indian Territory. The record on appeal was filed May 15, 1901. The rules of that court require the filing of briefs within short periods of time near to the day of submission and provide that in case of default the cause shall be dismissed when it is reached upon the regular call of the docket. On October 1, 1901, counsel stipulated that appellant's brief should be filed November 1, 1901, that of appellee within 30 days thereafter, and the reply brief of appellant within 15 days after the brief of appellee was filed. On October 5, 1901, the cause was reached in the appellate court, and was submitted upon oral argument for the railway company. The court ordered that the briefs be filed within the times specified in the stipulation. Thereafter counsel agreed among themselves for an indefinite postponement of the time for filing briefs but the consent of the court thereto was never obtained. Nearly three years afterwards, September 29, 1904, the appellant railway company filed its brief, but on the 19th of the following month the appeal was dismissed for failure to comply with the rules of the court (88 S. W. 308). In a brief opinion the court recited that no briefs had been filed by either party, evidently overlooking the belated brief of appellant. In a petition for rehearing this fact was presented to the court, and it was also asserted that the agreement of counsel for the indefinite postponement of the time for filing briefs was with the concurrence of the judge to whom the cause had been assigned for opinion. This assent of the judge was implied from the fact that he indorsed an order upon the petition for a rehearing which resulted in its filing with the clerk and its presentation to the full bench. Notwithstanding this, the petition for rehearing was denied by the court. To review the action of that court this writ of error was prosecuted. The railway company also seeks a review of alleged errors in the trial court in which the original judgment was obtained.

Clifford L. Jackson, for plaintiff in error.

William T. Hutchings, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Parties to an action may by stipulation waive rights that are personal to them, but they cannot without the consent of the court stipulate for the abrogation of those rules that are formulated for its own benefit and are designed to facilitate the proper discharge of its own duties. When rules of the latter character are disregarded it is discretionary with the court whether it will enforce the prescribed penalty and in the absence of a gross abuse of such discretion an order of the court in the premises will be respected on appeal or writ of error.

The rule of the Court of Appeals in the Indian Territory requiring the filing of briefs within stated times is a reasonable one. It is designed to assist that court in its labors and to facilitate the dispatch of its business; and so of the special order of that court relaxing the rule in this case in definite and specified particulars. Manifestly, if counsel without the consent of the court could dispense with compliance with such rules and orders the speedy and orderly dispatch of its labors might be seriously interfered with. The fact that courts generally observe the convenience and desires of counsel as expressed in their stipulations gives rise sometimes to the impression that conformity with the rules of procedure is solely a matter for the determination of the parties litigant. This may be so in some cases but certainly not in all. There is a well-defined line of distinction between those rules that are for the benefit of the court and to aid it in the discharge of its duties and those that are for the benefit of parties litigant. Reynolds v. Lawrence, 15 Cal. 360; Spangler v. San Francisco, 84 Cal. 12, 23 Pac. 1091, 18 Am. St. Rep. 158; Manns, etc., Co. v. Templeton, 149 Ind. 706, 44 N. E. 1108; Lehigh, etc., Co. v. Scallen, 61 Minn. 63, 67, 63 N. W. 245; Gittings v. Baker, 2 Ohio St. 21, 23; Hughes v. Kelly, 2 Va. Dec. 588, 30 S. E. 387; Falkenberg v. Gorman, 71 Wis. 8, 36 N. W. 599; Moulder v. Kempff, 115 Ind. 459, 17 N. E. 906; Spencer v. McMaster, 3 Wyo. 105, 3 Pac. 798.

The railway company did not file its brief until nearly three years had elapsed after the time fixed therefor by the standing rule and the order of the court. We cannot say, therefore, that in dismissing the appeal the court was not exercising a sound discretion. That a brief was filed shortly before the dismissal cannot alter the case. It is claimed that the delay was with the assent of one of the judges of the court. Assuming this to be true, though it is based on implication, the necessary answer is that it was the court of several members that made the rule and the order and it was the court that enforced them as it was its province to do. These conclusions prevent the consideration of the questions relating to the merits of the case.

The order of dismissal is affirmed.