WHITING ETC., ET AL. *v.* EVANSVILLE-VANDERBURGH REGIONAL PLAN COMMISSION.

[No. 19,662. Filed November 6, 1961.]

*Johnson & Carroll*, of Evansville, for appellants.

*Jerome L. Salm*, of Evansville, for appellee.

PFAFF, C. J.—It appears from the record that this appeal was submitted September 26, 1961, and notice issued to the parties. On October 30, 1961, appellants filed with the clerk a petition for extension of time to file brief and to authorize late filing thereof. This petition contained an acknowledgment of receipt of this petition by appellee and appellee's consent to the extension of time and the late filing of appellants' brief.

Under Rule 2-15 of the Supreme Court, 1958 Revision, appellant is required to file his brief before the expiration of thirty days after submission of the appeal, and this rule further provides that if the brief is not filed within the time limited the clerk shall enter an order dismissing the appeal, unless a petition for extension of time is on file.

"It is the duty of the clerk to examine the record and ascertain if appellant has timely filed a brief. The court writes no opinion in these cases, although where the clerk overlooks the late filing and neglects to enter the order, the court may order him to do so, or may itself make the order. Smith v. Wells Mfg. Co. (1896), 144 Ind. 266, 43 N. E. 131; Leatherman v. Board of Comrs. (1897), 148

Ind. 282, 47 N. E. 458; Manns Boot etc. Co. v. Templeton (1896), 149 Ind. 706, 44 N. E. 1108." Flanagan, Wiltrout & Hamilton's Indiana Trial & Appellate Practice, §2666, ch. 52, Comment 4, p. 283.

In the cases of *Leatherman* v. *Board of Comrs.*, *supra*, and *Manns Boot etc. Co.* v. *Templeton, supra*, it was also held that an agreement by the parties that the appeal shall not be dismissed for late filing of appellants' brief will not save it from dismissal, for the rule of the court cannot be waived by the parties.

In accordance with this view, we must conclude that appellee's consent in the case before us is inoperative since Rule 2-15 cannot be waived by the parties.

Our Supreme Court, in the case of *Winn* v. *O'Neal, Sheriff, etc. et al.* (1957), 236 Ind. 264, 267, 139 N. E. 2d 536, stated:

"Thereafter, on September 17, 1956, appellant filed a second petition for extension of time in this case, which petition was granted. However, such extension of time by this court was inoperative since it was obtained after the time fixed for filing the brief had already expired and the filing of briefs within the time fixed by rule (except for recognized cause) is jurisdictional with this court. Rule 2-16."

In accordance with the above authorities, appellants' petition for extension of time to file brief and to authorize late filing thereof is hereby denied and for the reason that appellants' brief was not filed in time, this appeal is dismissed.

Ax, Bierly, Cooper, Kelley, Myers, JJ., and Ryan, P. J., concur.

NOTE.—Reported in 177 N. E. 2d 758.