## McKnight and Others *v.* Knisely and Others.

APPEAL.—An appeal will lie to the Supreme Court from an interlocutory order directing the payment of money into court, in a proceeding supplementary to execution.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—A being summoned, in a proceeding supplementary to execution, to answer as to an alleged indebtedness to the execution defendant, it appeared that he had executed certain promissory notes to the latter, payable at a bank in this State, which had been assigned to other parties before the commencement of the proceedings, in payment of preexisting debts. The court directed that the money due upon the notes should be paid into court, and that the assignees should be made parties to try the question whether they were holders of the paper in good faith.

*Held,* that where commercial paper is received in payment and extinguishment of a pre-existing debt, the holder is entitled to protection.

*Held,* also, that the order of the court directing the assignees of the note to be made parties was not authorized by the statute.

*Held,* also, that as the order of the court directing the payment of the money into court could not protect A from the demand of the assignees for payment of the notes, the order was erroneous.

APPEAL from the *Floyd* Circuit Court.

GREGORY, J.—This is a proceeding by *Knisely, Stout* and *Kellogg*, judgment creditors of *Richie*, against *Richie, Akin, McKnight, Webber* and *Crawford*, under the statute regulating "proceedings supplementary to execution." 2 G. & H., p. 260, *et seq.* The complaint averred that *Akin* had certain choses in action in his possession which belonged to *Richie*; that the appellants, *McKnight* and *Webber*, were indebted to *Richie* in the sum of $1,200, on account of certain notes executed by them to him. The defendants answered under oath, and *Richie* and *Akin* answered interrogatories put to them by the plaintiffs.

The cause was submitted to the court for trial; the evidence was heard; the court found the amounts due the plaintiffs from *Richie* on the judgment set forth in the complaint, appointed a receiver, and ordered *Akin* to deliver to

the receiver the choses in action in his hands belonging to *Richie*, and ordered *McKnight* and *Webber* to pay into court the money due from them on their notes to *Richie*; and ordered the members of certain firms, as soon as their names could be ascertained by the plaintiffs, to be made parties to the proceedings to answer as to whether they were the holders of the notes of *McKnight* and *Webber* in good faith. The cause was continued. *McKnight* and *Webber* appeal to this court from the order requiring them to pay the money due from them into court.

The evidence is in the record. The notes of the appellants to *Richie* were payable at a chartered bank in this State, and are by statute commercial paper, governed by the law merchant. Before the commencement of these proceedings the notes had been assigned to different firms in payment of pre-existing debts due from *Richie* to them. A motion is made by the appellees to dismiss the appeal, on the ground that there is no judgment, final or interlocutory, from which an appeal can, under the statute, be taken.

The statute provides that "appeals to the Supreme Court may be taken from an interlocutory order of any Court of Common Pleas or Circuit Court, or judge thereof, in the following cases: 1st. For the payment of money; to compel the execution of any instrument of writing; or the delivery or assignment of any securities, evidences of debt, documents or things in action." 2 G. & H., § 576, p. 277. It is contended that the words "for the payment of money," mean the payment from one party to a suit to another; that they do not embrace orders for the payment of money into court. This is not a fair construction of the clause under consideration. This is a remedial statute and must be liberally construed. The evils intended to be remedied were, that the defendants were often compelled to part with their money under erroneous interlocutory orders of the Common Pleas and Circuit Courts, and were subjected to the inconvenience of having it tied up to await the slow process of a long litigation.

without the right of appeal until after final judgment. An order to compel a defendant to pay a plaintiff money can rarely be said to be interlocutory. In the very nature of things, an interlocutory order for the payment of money, in most cases, is such an order as will place the money in a condition to abide the final judgment of the court. We think that an appeal will lie in this case. The court below had no power, under the statute, to order the holders of commercial paper, assigned to them by the judgment debtor for a pre-existing debt, before the commencement of the proceedings, to be made parties. The only provision of the statute as to parties in a case like the one in judgment is this, that "after the issuing or return of a judgment against the property of the judgment debtor, or any one of the several debtors in the same judgment, and upon an affidavit that any person or corporation has property of such judgment-debtor, or is indebted to him in any amount, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, may be required to appear and answer concerning the same as above provided." 2 G. & H., § 522, pp. 261, 262. There was no conflict in the evidence as to the facts, viz, that the notes in question were commercial paper, and that they had been assigned before the commencement of these proceedings, for a pre-existing debt due from *Richie* to the persons to whom the assignments were made. *McKnight* does swear that he was called on for the payment of these notes by *Crawford*, the attorney of *Richie*, after the dismissal of a prior proceeding. But it is not shown that *Crawford* held them as the attorney of *Richie*. There was nothing in his relation to *Richie* which would have prevented him from acting as the attorney of the holders of this paper. This demand of payment moreover was before the commencement of these proceedings. Says Mr. *Parsons:* " It is now quite well settled, that in the first of the three cases before stated, namely, where negotiable paper is received in payment and extinguishment of a

pre-existing debt, the holder is entitled to protection." 1 Parsons on Notes and Bills, 221. The learned author has in a note, (b,) collected the authorities on this point. But this is not an open question in this State. *Vallette* v. *Mason et al.*, 1 Ind., 288; *Westbrook* v. *Robinson et al.*, 5 Blackf., 105.

As the statute does not authorize the making of the holders of the paper parties to the action, it would follow that they could at any time demand payment of *McKnight* and *Webber*, and that the latter could not protect themselves by the order of the court in a case in which the former were not parties and could not be made parties. There is nothing in the pleadings or proofs tending to show that the assignments of these notes were fraudulent.

The judgment of the court below ordering the payment of the money due from *McKnight* and *Webber* on their notes, into court, is reversed, with costs, and the cause remanded to said court for further proceedings in accordance with this opinion.

*R.* and *H. Crawford*, for appellants.
*T. L. Smith* and *M. C. Kerr*, for appellees.