Filed June 24, 1884.

---

No. 11,185.

## POUNDS ET AL. *v.* CHATHAM.

EXECUTION.—*Proceedings Supplementary.*—*Affidavit.*—*Fraud.*—*Contract.*—An affidavit in supplementary proceedings under section 819, R. S. 1881, which charges that A. P. is indebted to the judgment debtor in the value of certain lands conveyed by the former to the latter, presents no question of fraud, and proof of such conveyance in consideration of an agreement by A. P. to pay certain other debts of the debtor and to support him during life, does not support the conclusion that A. P. is indebted in a sum equal to the value of the lands, as charged.

SAME.—*Judgment.*—*Appeal.*—An appeal lies from a judgment in such case requiring A. P., unless he at once reconvey the land, to pay to the judgment plaintiff the amount found to be the value of the land.

From the Hendricks Circuit Court.

*L. A. Barnett,* — *Wilson* and — *Wilson,* for appellants.

*L. M. Campbell,* for appellee.

HAMMOND, J.—This was a proceeding supplementary to execution under section 819, R. S. 1881.

Pounds *et al. v.* Chatham.

The appellee's affidavit was as follows:

"BARBARA A. CHATHAM *v.* JOSEPH B. POUNDS.

"Affidavit for Proceedings Supplementary to Execution.

"The plaintiff, Barbara A. Chatham, being sworn, says on oath, that she has a judgment rendered in this court against said defendant, on the 16th day of June, 1883, for $1,942 and costs of said suit, amounting to $8.25, upon which she caused execution to issue, June 27th, 1883, and which execution has been returned by the sheriff of this county unsatisfied, said defendant claiming that he had no property. Affiant says that said Joseph B. Pounds resides in Hendricks county, and is not a householder, and that she is informed and believes said defendant recently, and only about three months since, had one hundred and sixty acres of land in Lyon county, Kansas, of the value of $2,000, which he conveyed to his brother, Archibald P. Pounds, and that he also had a lot of bees of the probable value of $40, the proceeds of which he unjustly refuses to apply on plaintiff's debt, or toward the satisfaction of said execution. And affiant further believes that said Archibald P. Pounds is indebted to the defendant, Joseph B. Pounds, in the value of said Kansas land or a material part thereof, or that he holds property of said Joseph B. Pounds, which should be applied on plaintiff's debt, and is not exempt from execution. Wherefore she prays that an order be issued requiring both said Joseph B. Pounds and Archibald P. Pounds to appear forthwith before this court, to be examined under oath in relation thereto, and to answer concerning the same."

The court, at the request of appellee, after the examination of the parties, made a special finding of facts, stating its conclusions of law thereon, which were as follows:

"The court finds that the plaintiff recovered a judgment against the defendant, Joseph B. Pounds, on the 16th day of June, 1883, for $1,942 and $8.25 costs of said suit, on which execution issued June 27th, 1883, which was returned unsatisfied June 29th, 1883, and is still unpaid; that said Joseph

B. Pounds is a resident of Hendricks county, Indiana, and not a householder; that he has no property in said county of any value, except four stands of bees, worth $40; that on the 8th day of March, 1883, said Joseph B. Pounds conveyed by deed upon its face, to said Archibald P. Pounds, the following described lands in Lyon county, Kansas: The W. ½ of S. E. ¼ and E. ½ of S. W. ¼ of section 33, township 18, range 10 east, which deed was recorded in said county of Lyon, March 14th, 1883; that said Archibald P. Pounds paid no consideration therefor whatever; that said Archibald P. Pounds executed to said Joseph B. Pounds at said date, March 8th, 1883, a written undertaking to maintain said Joseph B. Pounds, during his life, with a condition therein expressed that said deed should be void if the undertaking of said Archibald was not kept, and a further agreement that said Archibald should assume the payment of $110 due other parties from said Joseph, which debts have not been paid; the value of said land is not satisfactorily proven, but it is estimated to be worth about $1,000. The court further finds that said Joseph B. Pounds had been indebted continuously for more than ten years to the plaintiff, in sums varying from $700 to $1,900, and that he had been repeatedly requested to pay the same for several years; that on March 8th, 1883, he had no other property of any value, except the land in Kansas as above described, and that one object of said conveyance was to hinder and defeat the collection of plaintiff's debt; that Archibald P. Pounds had full notice of the indebtedness of said Joseph to plaintiff before and when said deed was made, and that said deed was fraudulent and void as to said plaintiff. On the above facts, the court concludes the law to be that it has no jurisdiction to adjudge or decree in relation to said Kansas land; that said Archibald P. Pounds is liable to the plaintiff in value of said land, to wit, $1,000."

The appellants excepted to the conclusions of law, and, over their motion for a new trial, the court rendered judgment as follows:

" It is therefore ordered by the court that unless said Archibald P. Pounds reconvey said land at once to said Joseph B. Pounds, he shall pay into court for the use of said plaintiff $1,000 on or before July 17th, 1883, and on failure to do so he shall be held and adjudged to be in contempt of this court."

It will be observed from the affidavit that so far as Archibald P. Pounds was concerned, the substantial charge of the affidavit is that he was indebted to said Joseph B. Pounds in the value of the Kansas lands. Whether the appellee could, in any action, recover of Archibald the value of the said lands is a question not before us. The only question that the court below had to decide from the evidence upon the appellee's affidavit was whether said Archibald was indebted to said Joseph on account of the conveyance of said lands. The only fact found upon this point was that Archibald executed to Joseph a written undertaking to maintain said Joseph during his life, but the conclusion of law does not base the appellee's right to recover upon the value of said undertaking, for its value was not found, but such right to recover was wholly predicated upon the value of the Kansas lands. It is manifest that in an action by Joseph against Archibald upon account of his conveyance to the latter of said lands, he could not, upon the facts specially found, recover the value of such lands. Archibald was not indebted to Joseph for such value, but his obligation was confined to his written undertaking to maintain Joseph. Whether any question of fraud could be adjudicated in a case like the present need not be decided. It could not in the present action for the reason, if for no other, that there was no averment of fraud in the appellee's affidavit, which must be taken as the statement of her cause of action.

The assumption by Archibald, as part consideration for the conveyance, of the payment of $110 due from Joseph to other parties was binding upon Archibald. *Rardin* v. *Walpole*, 38 Ind. 146; *Josselyn* v. *Edwards*, 57 Ind. 212. This amount

The Terre Haute and Indianapolis R. R. Co. *v.* Buck, Administratrix.

was not owing by Archibald to Joseph, but to the persons in whose favor its payment was assumed. It could not, therefore, be appropriated in favor of the appellee.

The appellee insists that an appeal did not lie in this case, and that it should be dismissed. A proceeding supplementary to execution is an independent action relating to, but no part of, the original case in which the judgment was rendered which is sought, by such proceeding, to be collected in whole or in part. The judgment of the court in the present case, we think, was final so as to authorize an appeal. Section 632, R. S. 1881. But if the judgment is to be regarded as only interlocutory, an appeal would lie from it, as it required the payment of money. Section 646, R. S. 1881.

The judgment is reversed, at the appellee's costs, with instruction to the court below to restate its conclusions of law in favor of the appellants, and to render judgment accordingly.

Filed June 24, 1884.