LOCAL UNION NO. 403 OF BARTENDERS, RESTAURANT
AND MISCELLANEOUS HOTEL EMPLOYEES UNION
ET AL. *v.* DEMETRAKOPOULOS.

[No. 27,182.  Filed February 27, 1939.  Motion to reinstate
denied April 10, 1939.]

*Fitzgerald & Young, Martin J. Downey,* and *Joseph
V. Stodola, Jr.,* for appellants.

*Jay E. Darlington, William J. Isham, Jr.,* and *Crum-
packer & Freidrich,* for appellee.

TREMAIN, C. J.—This is an appeal from an interlocu-
tory order granting a temporary injunction. The cause
was submitted in this court on January 16, 1939. Ap-
pellee has filed a motion to dismiss the appeal for the
reason that appellants did not comply with rule 16 of
this court by filing briefs within 10 days after submis-
sion, pointing out that appellants' briefs were not filed

until January 27, 1939. An examination of the record establishes the truth of this assertion.

Section 2-4704 Burns' Ind. St. 1933, section 1211 Baldwin's Ind. St. 1934, provides that, in computing time in which an act shall be done, the first day shall be excluded and the last day included. This statutory rule has been approved many times by decisions of this court. It, therefore, follows that the briefs were filed on the eleventh day after submission.

The 10-day rule applying to interlocutory orders is included as part of rule 16 which fixes 30 days as the limit for appellants' brief on final appeal. This court has held that where briefs are filed one day after the time limit for filing briefs, such delay is fatal to the appeal. *Leatherman et al.* v. *Board of Commissioners* (1897), 148 Ind. 282, 47 N. E. 458; *Smith* v. *Wells Manufacturing Co. et al.* (1896), 144 Ind. 266, 271, 43 N. E. 131. The rule was enforced in the recent decision of *Kelley, Glover, Vale Realty Co.* v. *Kramer* (1937), 211 Ind. 321, 6 N. E. (2d) 963.

It is the purpose of the statute that appeals from interlocutory judgments shall be disposed of as speedily as possible. Rule 16 was adopted for that purpose. It is even more important that the rule be strictly applied to appeals from interlocutory judgments than from final judgments. Rule 16 is not open to construction and means exactly what it says. The appellants have not complied with the rule.

For the reason that the briefs were not filed in time, this appeal is dismissed.

Roll, J., absent.