GEORGE W. MYERS v. HAROLD T. HOOVER.

[No. 1-173A9. Filed August 15, 1973. Rehearing denied September 18, 1973.]

*John T. Cook,* of Winchester, *Jan L. Chalfant, Hunter, Mc-Coy, Sullivan & Chalfant,* of Winchester, for appellants.

*James H. Ronald,* of Richmond, for appellee.

LYBROOK, J.—Defendant-appellant Myers appeals from the trial court's decision granting plaintiff-appellee Hoover's Motion to Correct Errors filed after Hoover's action for proceedings supplemental to execution against Myers had been dismissed.

This action stems from an Industrial Board award in favor of Hoover and against Myers. The award was filed in the

Randolph Circuit Court on July 14, 1961, and a money judgment was entered thereon against Myers the same day.

On July 13, 1971, ten years less one day from the entry of judgment, Hoover caused an execution to be issued against Myers. Said execution was returned unsatisfied by the sheriff on August 4, 1971.

On January 31, 1972, Hoover initiated proceedings supplemental to execution, and Myers was ordered to appear and answer. On March 3, 1972, Hoover filed a verified motion in garnishment with interrogatories, and Myers was ordered to appear and answer.

On March 16, 1972, Myers filed his answer to the motion in garnishment and also a motion to dismiss based upon the bar of the statute of limitations, being IC 1971, 34-1-2-2; Ind. Ann. Stat. § 2-602 (Burns 1967).

The issues were submitted for hearing, and on May 10, 1972, Myer's motion to dismiss was granted. Hoover timely filed a Motion to Correct Errors which, following a hearing and argument, was granted, and Myers appeals.

Myers asserts that the trial court erred in granting Hoover's Motion to Correct Errors and presents the following issues for review:

(1) Whether the trial court erred in granting Hoover's Motion to Correct Errors inasmuch as Trial Rule 59 (G) does not require said motion as a condition to appeal in proceedings supplemental to execution.

(2) Whether the trial court erred in finding that the proceedings supplemental to execution were not subject to the defense of the statute of limitations.

(3) Whether the trial court erred in determining that Hoover's action was "pending" within the meaning of Trial Rule 84.

(4) Whether the trial court erred in applying the 1970 Indiana Rules of Procedure retrospectively thereby working an injustice against Myers.

Myers first contends that Hoover's Motion to Correct Errors was a nullity and improper in the case at bar and that Hoover should have exercised his right to an immediate appeal without filing said motion. He argues that the trial court had no jurisdiction to grant the motion since it is not required in proceedings supplemental to execution under Trial Rule 59 (G), which reads:

"In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. *A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution.*" (Our emphasis.)

Under the terms of the rule, the filing of a Motion to Correct Errors clearly is not a condition precedent to appeal in the case at bar. However, we are unable to construe the rule as prohibiting the filing of said motion or denying the trial court jurisdiction to entertain the same. Hence, Myers' first specification of error must fail.

The second issue for determination is whether the trial court erred in finding that Hoover's proceedings supplemental to execution were not subject to the defense of the statute of limitations.

Myers contends that Hoover's proceedings are barred by a valid defense of the statute of limitations, being IC 1971, 34-1-2-2; Ind. Ann. Stat. § 2-602 (Burns 1967), which reads in pertinent part:

"*The following actions* shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.
\* \* \*

"Sixth . . . on judgments of courts of record . . . within ten [10] years . . . ." (Our emphasis.)

Prior to the enactment of the 1970 Rules of Procedure, it was well established that proceedings supplemental to execution were filed as new and independent civil actions. *Ettinger* v. *Robbins* (1945), 223 Ind. 168, 59 N.E.2d 118; *Hutchinson* v. *Trauerman* (1887), 112 Ind. 21, 13 N.E. 412; *Baker* v. *State ex rel. Mills* (1887), 109 Ind. 47, 9 N.E. 711; *Burkett* v. *Holman* (1885), 104 Ind. 6, 3 N.E. 406.

The initiation of such proceedings is now governed by Trial Rule 69 (E) which provides:

"(E) Proceedings supplemental to execution. Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally

(1) that the plaintiff owns the described judgment aginst the defendant

(2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment

(3) that the defendant be ordered to appear before the court to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment; and,

(4) if any person is named as garnishee, that garnishee has or will have specified or unspecified non-exempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion. If the court determines that the motion meets the foregoing requirements it shall, ex parte and without notice, order the judgment debtor, other named parties defendant and the garnishee to appear for a hearing thereon or to answer the interrogatories attached to the motion, or both. The motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the

motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4. The date fixed for appearance and hearing or answer to interrogatories shall be not less than twenty [20] days after service. No further pleadings shall be required, and the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution. In aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under the laws allowing proceedings supplemental."

The question for determination with respect to this issue is whether proceedings under Trial Rule 69 (E) constitute a new and independent civil action.

Given the terms of Trial Rule 69 (E) and the procedure thereunder, we are compelled to the conclusion that in adopting the new rule, our Supreme Court intended that proceedings supplemental to execution no longer be considered new and independent civil actions. Rather, they appear to be a mere continuation of the original cause.

Although we are unable to find any case law in support of this view, we take note of the Civil Code Study Commission's comment on Trial Rule 69 (E) which reads in part:

"Rule 69 (e) retains the basic statutes upon the subject but introduces simpler pleadings and procedure. However, this rule makes some significant changes. For one thing, the court rendering judgment retains venue or jurisdiction over proceedings supplemental, contrary to prior law which fixed venue at the defendant's residence. *Relief is allowed by motion, and the order to appear in proceedings supplemental is granted ex parte without hearing, thus clarifying present procedures. Necessarily, this means that the remedy is merely a continuation of the original action both in name and in cause number.* This rule proceeds upon the assumption that the judgment defendant is under a duty to pay the plaintiff or inform him of assets subject to execution if the defendant insists that the plaintiff must pursue this route." (Our emphasis.)

Given the above interpretation of the new rule it necessarily follows that proceedings supplemental to execution are not an "action" on a judgment within the terms of IC 1971, 34-1-2-2; Ind. Ann. Stat. § 2-602 (Burns 1967), and that statute may not be raised as a defense.

This conclusion is further strengthened by the initial phrase in the rule, "Notwithstanding any other statute to the contrary, proceedings supplemental to execution may be enforced by . . ."

Myers' argument that Hoover's judgment expired ten years after entry is without foundation. The following statutes imply that the life of a judgment continues following the initial ten year period: IC 1971, 34-1-34-2; Ind. Ann. Stat. § 2-3306 (Burns 1968) :

"After the lapse of ten [10] years from the entry of judgment, or issuing of an execution, an execution can be issued only on leave of court, upon motion, after ten [10] days' personal notice to the adverse party, unless he be absent or nonresident, or can not be found, when service of notice may be made by publication, as in an original action, or in such manner as the court shall direct; such leave shall not be given unless it be established by the oath of the party, or other satisfactory proof, that the judgment or some part thereof remains unsatisfied and due."

IC 1971, 34-1-2-14; Ind. Ann. Stat. § 2-614 (Burns 1967) :

"Every judgment and decree of any court of record of the United States or of this or any other state shall be deemed satisfied after the expiration of twenty [20] years."

Moreover, in *Hinds* v. *McNair* (1955), 235 Ind. 34, 129 N.E.2d 553, our Supreme Court commented:

"It is true that a lien of a judgment expires in ten years and the lien of execution expires on its return date, but we are not concerned here with the liens of judgments and executions. Proceedings supplemental are brought solely for the purpose of subjecting property allegedly belonging to a judgment debtor to the satisfaction of the judgment debt, not to a lien."

We therefore find no error in the trial court's ruling that Hoover's proceedings supplemental to execution were not barred by the running of the statute of limitations.

The third issue for review is whether the trial court erred in determining that Hoover's action was "pending" within the meaning of Trial Rule 84.

The original judgment against Myers was entered prior to the enactment of the new Indiana Rules of Procedure. Hoover's proceedings supplemental were initiated subsequent to January 1, 1970, when the rules took effect.

Trial Rule 84 provides:

"These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect *and also all further proceedings in actions then pending,* except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies." (Our emphasis.)

The trial court found that Hoover's proceedings supplemental were further proceedings in an action "then pending" and applied the new rules of procedures. In its Memorandum Opinion, the trial court cites the following from *Gates* v. *Newman* (1897), 18 Ind. App. 392, 46 N.E. 654, in support of the conclusion that an action is "pending" until the judgment is fully satisfied:

"Thus it is held that "pending" applies to a judgment on which successive *fieri facias venditionis* have been issued, but not fully satisfied, and that although judgment has been recovered, the action is pending as long as the judgment remains unsatisfied." (Cases cited.)

Myers argues against this conclusion but cites no authority in support of his position.

We find no Indiana case law refuting the above holding in *Gates, supra,* and therefore conclude that the trial court did not err in its determination of this issue.

The final issue for review is whether the trial court erred in applying the 1970 Indiana Rules of Procedure. Under Trial Rule 84, the court may elect to refrain from applying the new rules in a particular action pending when their application would work injustice.

Myers argues that application of the new rules in the case at bar has worked injustice in that he has been substantially deprived of the defense of the statute of limitations.

Hoover argues, and the trial court found, that a party has no vested right in the defense of the statute of limitations.

In *Sansberry* v. *Hughes* (1910), 174 Ind. 638, 92 N.E. 783, the appellant acquired a tract of land purchased at a tax sale in 1900, but made no demand to cause a deed to be executed thereon until 1906. Three years following the sale, a statute had been enacted requiring purchasers at tax sales to cause a deed to be executed and placed on record within four years from the date of the sale. The Supreme Court held that appellant's right to a deed, six years after the sale, was barred by the limitation in the statute.

The court reasoned as follows:

". . . [appellant] claims that an abridgement of his time for taking out a deed upon his certificate of purchase was an impairment of his contractual rights in violation of the state and federal Constitutions.

"Said appellant does not make the proper distinction between rights and remedies. . . .

\* \* \*

"A statute of limitations is peculiarly within the operation of the rule, since it cannot, in any ordinary sense, be said to impair the obligation of a contract. Hence, it is firmly settled that the statute in force at the time suit is brought must govern, even though it shortens or lengthens the limitation for enforcement of the contract."

In further support of the view that a party has no vested right in a defense of the statute of limitations, we note the following from *Standard Accident Insurance Co.* v. *Miller* (7th Cir. 1948), 170 F. 2d 495:

> "The 1945 amendment did not affect the substantive right granted by the statute. It changed a remedial or procedural right only, by providing that the statute of limitations shall begin to run from the time the right of the employer to sue accrues, namely, paying or assuming liability for the award, and not from the time the accident occurred, as held in Fidelity & Casualty Co. v. Miller, supra. The amendment clearly was intended to bring relief to one who had been given the right to sue but was confronted with the bar of the statute of limitations, by lifting the bar.
>
> "Under such circumstances, we think the correct rule to be applied here is that laid down by the Supreme Court of Indiana in Connecticut Mutual Life Ins. Co. v. Talbot, supra, 113 Ind. at page 378, 14 N.E. at page 589, 3 Am. St. Rep. 655: 'The better rule of construction, and the rule peculiarly applicable to remedial statutes, however, is that a statute must be so construed as to make it effect the evident purpose for which it was enacted; and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not, in terms, so direct, unless to do so would impair some vested right or violate some constitutional guaranty.' "

The above reasoning was later cited and upheld by this court in *Staple; Jones* v. *Richardson* (1966), 140 Ind. App. 20, 212 N.E.2d 904.

We therefore hold that since Myers had no vested right in the defense of the statute of limitations, the trial court did not err in its determination that application of the 1970 Indiana Rules of Procedure would not work an injustice in the case at bar.

Finding no error in the decision of the trial court sustaining Hoover's Motion to Correct Errors, judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.
NOTE.—Reported at 300 N.E.2d 110.