H. PETE HUDSON, INSURANCE COMMISSIONER OF
INDIANA *v.* ERIC L. TYSON

[No. 2-377A88. Filed November 27, 1978.]

*Theodore L. Sendak*, Attorney General of Indiana, *Jane M. Gootee*, Deputy Attorney General, for appellant.

*Miller and Miller*, of Indianapolis, for appellee.

SHIELDS, J. — This is an appeal from an order in proceedings supplemental pending before this Court on the Appellee's Motion to Dismiss or in the Alternative to Affirm Judgment, which alleges that the appeal was not timely brought. We deny the Appellee's Motion.

Plaintiff-appellee Tyson was shot by his bailbondsman in the bondsman's attempt to capture him and bring him into court on an outstanding bench warrant. Tyson brought a suit for damages against the bail-

bondsman, the bondsman's partner, and the insurance company which underwrote the bond. Tyson obtained a judgment against all three defendants in the amount of Ten Thousand Dollars which was not appealed.

Subsequently, in the same cause, Tyson filed a Petition for Proceedings Supplemental to Execution under Indiana Rules of Procedure, Trial Rule 69(E),[1] naming the Appellant Hudson, Insurance Commissioner of Indiana, as garnishee-defendant. The petition sought to apply money on deposit with the Insurance Commissioner belonging to the defendant insurance company in satisfaction of the judgment.

On September 9, 1976 the trial court entered its order of garnishment against the garnishee-defendant Hudson. However, the trial court stayed execution of its order pending appeal. Hudson filed a motion to correct errors on October 27, 1976, which was overruled on December 17, 1976. Hudson filed his praecipe on December 17, 1976. On December 20, 1976 the trial court vacated the stay and ordered payment of $6,200.00, the balance then due on the original garnishment judgment. On March 14, 1977 Hudson filed a petition for extension of time to file the record, which was granted. A second extension of time was thereafter granted upon Hudson's petition. The record of the proceedings was filed with this Court on July 18, 1977.

Tyson seeks to dismiss, or in the alternative to affirm judgment, for the reason that Hudson failed to perfect a timely appeal from the judgment entered September 9, 1976. Tyson's argument may be summarized as follows:

1. T.R. 59(G) specifically says that a motion to correct errors is not required in appeals from orders in proceedings supplemental to execution. Therefore, Hudson's filing of a motion to correct errors on October 27, 1976 had no effect on the appellate process.

---

1. Prior to the adoption of the Indiana Rules of Procedure, proceedings supplemental to execution were statutory in nature. *See*, IC 34-1-44-1 *et seq.* (Burns Code Ed. 1973). This case does not require us to decide whether the intent of Trial Rule 69(E) was to overrule the statutory remedy or to retain it as a separate option. *But see State v. Bridenhager* (1972), 257 Ind. 699, 279 N.E.2d 794; *compare* 4 Harvey & Townsend, Indiana Practice, p. 475.

2. Pursuant to Indiana Rules of Procedure, Appellate Rule 3(B), the time for appeal expired 90 days from the September 9, 1976 judgment. Since neither the record of proceedings nor a motion for extension of time to file the record was filed within 90 days from the September 9, 1976 judgment, this appeal was not timely brought.

In response, Hudson argues that the trial court's order of December 20, 1976, which vacated the stay of execution issued on September 9, 1976 and ordered payment of the balance then owing on the original garnishment judgment, constitutes a new judgment from which the appeal was properly taken. Hudson also urges, as an alternative, that the appeal is from the ruling on the motion to correct errors made by the trial court on December 17, 1976.[2]

There is, however, one further alternative. If this appeal is from an interlocutory order, rather than a final judgment, we plainly are without jurisdiction. Appellate Rule 3(B) requires that in an appeal from an interlocutory order the record must be filed within 30 days of the ruling on the order. Neither the motion to correct errors nor appellant's petition for extension of time was filed within 30 days of either the September 9, 1976 entry or the December 20, 1976 entry.

For reasons which follow, we conclude the appeal was timely.

I.

Our first question is whether the entry of September 9, 1976 is interlocutory in nature or a final appealable judgment.

*Critin v. Critin* (1928), 199 Ind. 737, 164 N.E. 493, 494, defines an *interlocutory order* as:

[a judgment, order or decree] made before the final hearing on the

---

2. It is interesting to observe that Hudson altered his appellate procedures between the time of the September 9, 1976 judgment and the order book entry of December 20, 1976. Hudson filed a motion to correct errors within 60 days of the September 9, 1976 judgment. However, he did not file a motion to correct errors directed to the December 20, 1976 entry. Thereafter, when Hudson filed the record of proceedings, he included both a certified copy of his motion to correct errors filed October 27, 1976 and an assignment of errors under AP. 7.2. Hudson apparently was proceeding under the belief that (1) he had 90 days from the trial court's ruling on the motion to correct errors or (2) he had 90 days from the entry of December 20, 1976 in which to file his record.

merits. 2 Watson's Rev. of Works' Practice § 2244; 1 Hogate, Pleading and Practice § 739; 1 Freeman on Judgments (5th Ed.) § 38. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment. *Pfeiffer v. Crane,* (1882) 89 Ind. 485, 487; *Western Union Telegraph Co. v. Locke,* (1886) 107 Ind. 9, 11, 7 N.E. 579.

A final judgment differs from an interlocutory order in that it represents the ultimate determination of the court upon the matter. A final judgment "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues."*State ex rel. Neal v. Hamilton Circuit Court* (1967), 248 Ind. 130, 134, 224 N.E.2d 47.[3]

Indiana case law indicates that an order, such as the entry in question here, is a final appealable judgment.

In *Mitchell v. Godsey* (1944), 222 Ind. 527, 53 N.E.2d 150, the judgment debtor appealed an order which directed him to pay over to the judgment creditor a percentage of the salary received from his employer. The order did not, as here, involve a third-party garnishee defendant. Our Supreme Court, nevertheless, treated the order as final and appealable even though the petition had been filed in the same cause and even though there existed at the time, as now, a limited 30-day period for filing of an interlocutory appeal.[4]

---

3. However, TR. 54(B) permits a trial court to enter "final judgment' in a multiple claim cause or a cause involving multiple parties upon less than all claims or as to less than all parties if the trial court makes, in writing, two express determinations:

(a) There is no reason for delay, and
(b) An express direction for entry of judgment.

If these determinations are made, the judgment so entered becomes final and appealable. Without these determinations, the order is interlocutory and not appealable unless expressly authorized. Therefore, the traditional definition of a final judgment is modified by TR. 54(B) to the extent its provisions are applicable.

4. Indiana Supreme Court Rule 2-2, in effect at the time the *Mitchell* case was decided, required all appeals to be filed within 90 days from judgment or ruling on the Motion for New Trial "unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control." The statute, Burns Ind. Ann. Stat.

Although *Mitchell* was concerned with the statutory proceedings supplemental process since it pre-dates TR. 69(E), we find nothing in the present Rule to suggest that a different result should obtain. Trial Rule 69 was merely intended to simplify the pleading procedure. "Its basic tenet is that proceedings supplemental to execution is a continuation of the original cause, is not a new action, and should be allowed to proceed without the technical showing that execution has been commenced or would be unavailing." Harvey and Townsend, Indiana Practice, Vol. 4, p. 469-70 (1971). The Rule otherwise directs that "the case shall be heard and determined and property ordered applied towards the judgment in accordance with statutes allowing proceedings supplementary to execution." *See, Protective Insurance Co. v. Steuber* (1977), 175 Ind.App. 139, 370 N.E.2d 406, 410-412.

To the extent that *Bell v. Wabash Valley Trust Co.* (1973), 156 Ind.App. 476, 297 N.E.2d 924, is relied upon to support the proposition that an order in a proceedings supplemental is necessarily interlocutory, such reliance is ill-founded. In *Bell* we did cite *Pounds v. Chatham* (1884), 96 Ind. 342, for the proposition that an order in a proceedings supplemental requiring a third-party garnishee to pay a judgment creditor money was such "payment of money" as contemplated under Appellate Rule 4(B)(1), which sets forth those interlocutory orders which are appealable.

The order in the *Pounds* decision, however, was held to be a final appealable judgment. The Court in *Pounds* merely proceeded to speculate that, even assuming such order to be interlocutory, the appeal would nonetheless be proper since the order directed the payment of money as was required under a statute identical in language to Appellate Rule 4(B)(1).[5]

As other Indiana cases indicate, an order in a proceedings supplemental can be interlocutory in nature. The proper analysis for determining

§2-3219, which had been in effect since 1921, required then, as does Ind. Rules of Procedure, Appellate Rule 3(B) now, that appeals from interlocutory orders be brought within 30 days of the ruling. The Appellant in *Mitchell* did not perfect an appeal within 30 days of the order in proceedings supplemental. To the contrary, he filed a Motion for a New Trial and only some 43 days after the ruling thereon did he perfect an appeal by a filing of the record.

5.    In *Pounds*, citation to 1881 Revised Statutes, Sec. 646, was in error. The applicable section of the 1881 Acts, Ch. 38 was actually Sec. 655.

whether the order is final or interlocutory is set forth in *McKnight v. Knisely* (1865), 25 Ind. 336, also cited in *Bell*. There garnishee-defendants in a proceedings supplemental were ordered to make payment *to the court* pending outcome of the case. The court on appeal held the order to be interlocutory and, in so doing, distinguished it from a final order directing the defendant-garnishee to pay plaintiff:

> An order to compel a defendant to pay a plaintiff money can rarely be said to be interlocutory. In the very nature of things, an interlocutory order for the payment of money, in most cases, is such an order as will place the money in a condition to abide the final judgment of the court.

> Where, as here, the order directs the garnishee-defendants to make payment *to the judgment-plaintiff*, it is a final judgment. As stated in *Pisarski v. Glowrszyn* (1942), 220 Ind. 128, 133, 41 N.E.2d 358:

> [Not] all orders for the payment of money are interlocutory. They may be interlocutory or they may be final.

> *McKnight v. Knisely*, (1865) 25 Ind. 336, strongly relied upon by appellee, was clearly an appeal from an interlocutory order which required the payment into court there to abide final judgment. But in the case at bar the money was ordered to be applied to the satisfaction of appellee's prior judgment. When so paid it would pass beyond the control of the court. This indicates finality.[6]

The garnishment order entered against Hudson comports with the notion of finality in every respect. The September 9, 1976 entry resolved all the issues essential to the proceedings supplemental process: (1) that Tyson had a judgment against the bailbondsman, the bondsman's partner, and the insurance company which underwrote the bond; (2) which judgment was unpaid in full; (3) that Hudson had monies in his possession belonging to the insurance company; and (4) that said monies were available for payment of the unpaid balance of the judgment.

---

6. The Supreme Court also disposed of appellee's additional argument:
We cannot follow his argument that because the trial court retains jurisdiction to enforce the payment by proceedings for contempt the order is *in fieri*, does not become final until it is complied with or enforced and therefore must be interlocutory. The order and its enforcement are two separate things, the former judicial, the latter executive. Whether the latter is by contempt proceedings or by the means ordinarily used for the collection of judgments is immaterial.

Nor does the language of Trial Rule 59(G) alter our determination that the order in question was a final appealable judgment. Trial Rule 59(G) states that a "Motion to Correct Errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution." Merely because interlocutory orders and orders in proceedings supplemental are both specifically enumerated in the Rule does not mean that all orders in proceedings supplemental are subject to the 30-day time frame for perfecting an interlocutory appeal. Trial Rule 59(G) deals only with the necessity of a motion to correct errors, not with the time for appeal.

There is language in *Protective Insurance Co. v. Steuber* (1977), 175 Ind.App. 139, 370 N.E.2d 406, apparently to the contrary. In holding that a motion to correct errors was not a condition precedent to appeal of an order in a proceedings supplemental, the First District stated, *supra* at 412, that an order against a garnishee-defendant is "ancillary to the underlying judgment in the original case" and as such, "can be appealed as an interlocutory order to this Court without the necessity of filing a TR. 59 Motion to Correct Errors." Such language can be read as equating the final order in proceedings supplemental with an interlocutory order. Or, as we hold here, it can be read as referring only to the necessity for filing a motion to correct errors. That is to say, a motion to correct errors need not be filed in an appeal from the order in a proceedings supplemental, just as it is unnecessary in the case of an interlocutory appeal.[7]

Furthermore, the rationale underlying the shorter time frame for interlocutory appeals is the need to expedite the process and avoid unnecessary delay in the *subsequent and pending* litigation. *See, Local Union 403, Bartender's Restaurant & Miscellaneous Hotel Employees Union v.*

---

7. We would note that use of the word "ancillary" to describe the order in a proceedings supplemental is confusing. In one sense, "ancillary" is commonly used to describe the remedies available under TR. 64 for the purpose of securing satisfaction of a judgment *ultimately to be entered*, i.e., remedies prior to judgment, such as pre-trial remedies or remedies during trial pending outcome of the case. Such proceedings are indeed interlocutory in nature because issues essential to the action have not been resolved. Yet, with regard to the time limitations for appeal which are determined on the basis of whether the order of judgment is interlocutory or final, the term "ancillary" is not the equivalent of either.

*Demetrakopoulos* (1939), 215 Ind. 452, 19 N.E.2d 466. This exigency is simply not present in appeals from orders of a final nature in proceedings supplemental.

We therefore conclude that this is an appeal from a final judgment and, as such, it is not subject to the 30-day time limit for interlocutory appeals.

## II.

We consider next the procedure for perfecting an appeal from a final order in a proceedings supplemental. Must appellant file the record within 90 days of the order? Or does the *optional* filing of a motion to correct errors alter this time, so that the 90-day period commences with the ruling on the motion to correct errors?

Trial Rule 59(G) specifies those cases in which the motion to correct errors is *not required.* The negative mandate does not mean that a motion to correct errors cannot be filed in the enumerated orders. The Rule merely permits a prospective appellant to proceed, *at his option*, with or without the filing of a motion to correct errors.[8] *See, Myers v. Hoover* (1973), 157 Ind.App. 310, 300 N.E.2d 110.

As to the effect, if any, of the filing of an *optional* motion to correct errors, we turn to Appellate Rule 3(B). The relevant part of the Rule reads:

In all appeals and reviews, except those from interlocutory orders, the record of the proceedings must be filed with the clerk of the Supreme Court and Court of Appeals *within ninety (90) days from the date of the judgment or the ruling on the motion to correct errors, whichever is later.* (Emphasis added.)

If the italicized language is to have any meaning, it must indicate that the 90 day time period commences to run either from the date of the judgment or the ruling on the motion to correct errors, if one has been filed. Hence, in conjunction with TR. 59(G), this language provides that the filing of a motion to correct errors is optional;

---

8.   Proposed TR. 59(G), as it appeared in the proposed final draft of August 6, 1968, provided that a motion to correct errors was not a condition precedent to an appeal in any case.

if it is omitted, the record must be filed within 90 days of the final judgment; but if it is filed, the record must be filed within 90 days of the ruling on the motion (or the judgment, whichever is later).[9]

This provision for an optional motion to correct errors has a definite purpose, given the nature of the proceedings supplemental process. The issue in such cases is ordinarily a simple one:  does the garnishee-defendant have monies in his possession that can be made subject to payment of the judgment previously entered against the judgment-defendant? By the optional motion to correct errors, a prospective appellant can bring any alleged error to the attention of the trial court for correction, and if resolved, thereby avoid the expense and delay of an appeal. If the alleged error is not resolved by the trial court, then appellant has 90 days from the ruling on the motion to correct errors within which to perfect an appeal.

Thus, the Rules provide alternative procedures in the case of an appeal from a final order in proceedings supplemental to execution. The prospective appellant may file a timely motion to correct errors and appeal from the overruling of that motion in the manner of an appeal as from any other motion to correct errors. Or appellant may perfect an appeal directly from the final order.

Under the first alternative, the prospective appellant files his motion to correct errors within 60 days of the final order in proceedings supplemental, his praecipe within 30 days after the trial court's ruling on the motion to correct errors, and then the record of the proceedings, together with a certified copy of his motion to correct errors, within 90 days of the ruling on the motion to correct errors (or the judgment, whichever is later). *See*, Ind. Rules of Procedure, Trial Rule 59(C) and Appellate Rules 2(A), 3(B), and 7.2(A)(1)(a).

Under the second alternative, the prospective appellant appeals merely by filing his record of the proceedings within 90 days of the final

9.    The optional motion to correct errors is likewise available in the case of an appeal from an interlocutory order or an order appointing or refusing to appoint a receiver. We observe, however, that its use is fraught with danger due to the provision of Appellate Rule 3(B) which requires that the record be filed within 30 days of the interlocutory order or any such shorter time that may be fixed by statute. This time limitation, unlike the 90 day time frame for final judgments, is not altered by the filing of an optional motion to correct errors.

order in garnishment. This appeal route requires the inclusion of an assignment of errors in the record.[10]

In the case at bar, appellant exercised the option available to him under TR. 59(G). Hudson filed a motion to correct errors on October 27, 1976 directed to the trial court's judgment of September 9, 1976, which motion was timely under T.R. 59(G). Thereafter, on December 17, 1976, the trial court overruled his motion to correct errors and the 90 day time period for perfecting the appeal began to run. The praecipe was timely filed on that same day. Hudson then, before the 90-day period expired, filed a timely petition for an extension of time within which to file the record. And he subsequently filed the record of the proceedings within the period allowed by a second extension of time.[11]

Accordingly, we deny the Motion to Dismiss or in the Alternative to Affirm Judgment.

Sullivan, J., concurs.

Buchanan, C.J., dissents with opinion.

## DISSENT

BUCHANAN, C.J. — I must dissent. The entry of September 9, 1976 is interlocutory in nature — not a "final judgment" for purposes of appeal.

Prior to the adoption of the Indiana Rules of Trial Procedure in 1970, it was well established that proceedings supplemental to execution were

---

10. There is no explicit language in the Rules to this effect. Appellate Rule 7.2(A)(1)(b) requires, in interlocutory appeals, the inclusion of an assignment of errors in the record. Appellate Rule 7.2(A)(1)(a) requires the inclusion of "the motion to correct errors *filed with the trial court*" (emphasis added). In such cases, "(n)o assignment of error other than the motion to correct errors shall be included in the record." Subsection (A)(1)(a) obviously is not concerned with an appeal from a final order in a proceedings supplemental, where no motion to correct errors has been filed with the trial court. In this situation, we conclude that a fair reading of the Rule would indicate, and indeed the only alternative is to require an assignment of errors. The Rule provides that the record shall include a certified copy of either the motion to correct errors or an assignment of error.

11. Because of our disposition of this Motion to Dismiss or Affirm, we do not address Hudson's contention that he is appealing the December 20, 1976 entry. We direct the parties' attention to the decision of the Supreme Court in *P-M Gas & Wash Co., Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592, handed down during the pendency of this motion.

filed as new and independent civil actions and orders rendered in such proceedings constituted final, appealable judgments within the meaning of the appeal statute. *Ettinger v. Robbins* (1945), 223 Ind. 168, 59 N.E.2d 118; *Mitchell v. Godsey* (1944), 222 Ind. 527, 53 N.E.2d 150; *Hutchinson v. Trauerman* (1887), 112 Ind. 21, 13 N.E. 412; *Burkett v. Holman* (1885), 104 Ind. 6, 3 N.E. 406.

In 1970, however, when the Supreme Court adopted T.R. 69(E), and the procedures described therein, it became apparent that the intent was to modify prior practice[1] so that proceedings supplemental to execution became a *continuation* of the original cause of action. As Judge Lybrook, speaking for the first district of this court, put it in *Protective Insurance Co. v. Steuber* (1977), 175 Ind.App. 139, 370 N.E.2d 406:

> It was not a separate action and therefore the Order against garnishee-defendant Protective Insurance Company was ancillary to the underlying judgment in the original case of *Michael E. Steuber v. Orville Wright, Sr., and Red Cab Company, Inc.* (which we have reversed). As such, the Order against Protective Insurance Company can be appealed as an interlocutory order to this Court without the necessity of filing a TR. 59 Motion to Correct Errors.

*See also Linton v. Linton* (1975), 166 Ind.App. 409, 339 N.E.2d 96; *Myers v. Hoover* (1973), 157 Ind.App. 310, 300 N.E.2d 110. Such proceedings are a means of enforcing the underlying judgment and are ancillary to it. *Protective Insurance Co. v. Steuber, supra; Citizens National Bank of Grant County v. Harvey* (1976), 167 Ind.App. 582, 339 N.E.2d 604.

Such a conclusion is consistent with the Civil Code Study Commission comments on TR. 69(E), which read in pertinent part:

---

1. Cases decided under the statutes governing procedure for proceedings supplemental to execution have held that the proceedings are commenced by the filing of a complaint or affidavit alleging the plaintiff is the owner of a judgment debt against the debtor on which execution was unavailing. Venue of the action is in the county of the debtor's residence, or if he is a non-resident, in the county where the judgment was rendered. Consequently, these proceedings are considered to be separate and independent from the action in which the judgment debt was created. *Burkett v. Holman, supra; Hobbs v. Town of Eaton* (1906), 38 Ind.App. 628, 78 N.E. 333. As separate and independent actions, appeals are to be taken in the manner of other civil actions. 4 WORK'S INDIANA PRACTICE 545 (Bobbitt's Rev. 1974). However, this statutory proceedings supplemental process was enacted prior to the adoption of T.R. 69(E). *See State v. Bridenhager* (1972), 257 Ind. 699, 279 N.E.2d 794.

Rule 69(E) contains a substantial revision of the procedures applicable to proceedings supplemental to execution. Its basic tenet is that *proceedings supplemental to execution is a continuation of the original cause, is not a new action,* and should be allowed to proceed without the technical showing that execution has been commenced or would be unavailing.

HARVEY & TOWNSEND, 4 IND. PRACTICE, 469-70 (1971).

Additional support lies in the procedures of T.R. 69(E) which specifies that proceedings supplemental to execution are initiated by motion under the same cause number in the same court which entered the underlying judgment.[2] Further, no additional filing fees are required and the court will take judicial notice of the parties and the underlying judgment.

The ancillary nature of proceedings supplemental to execution under TR. 69(E) is implicit in the language of TR. 59(G) which provides:

(G) Motion to correct error a condition to appeal. In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. *A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution.* (emphasis supplied)

Consistent with this language is AP. 4(B)(1) which allows an appeal to be taken from interlocutory orders, "For the payment of money . . ."

These rather substantial alterations of the previous practice signify an obvious effort by the Supreme Court to *simplify* the procedures applicable to proceedings supplemental and to *hasten* satisfaction of the underlying final judgment. In HARVEY & TOWNSEND, 4 IND. PRACTICE

---

2. An argument may be made for allowing a change of venue to a garnishee or third party asserting a bona fide claim to property or a defense to an obligation assertedly owing. *See Protective Insurance Co. v. Steuber, supra;* HARVEY & TOWNSEND, 4 IND. PRACTICE 470 (1971).

464 (1971), Dean Harvey sets forth the rationale underlying the change in procedure:

> Rule 69 modernizes the law relating to execution and judicial sales, and streamlines the proceedings supplemental to execution. The philosophy underlying this Rule is based upon the idea that the defendant against whom a judgment has been recovered should *promptly* pay it, or make arrangements for doing so. If he does not, collection procedures provided by the law should be *reasonably swift* and free of technical obstructions, so that when judicial remedies are exhausted rehabilitation of both the judgment debtor and the judgment creditor (both of whom may be serious losers) becomes a greater reality. If collection procedures are *expedited,* both parties have bought time in which to find an economic solution to their problems. Much of the law relating to execution and judicial sales, particularly in the case of land, was developed in an agricultural society when the debtor needed time. This is not so today, and undue delays and technicalities may destroy debtors and creditors as well. (emphasis supplied)

Thus it seems logical to conclude that orders entered pursuant to proceedings supplemental to execution are interlocutory in nature rather than "final" judgments.

The weakness of the majority position is that it focuses on the technical niceties of finality rather than the intent of TR. 69(E) and TR. 59(G) to simplify proceedings supplemental and shorten the appeal time if an appeal is taken from such an ancillary proceeding.

These rules were designed to prevent just such a situation as is now before us. The trial court vacated its stay and ordered payment due on the original judgment on December 20, 1976, and a petition for extension of time to file the record was filed and granted on March 14, 1977 — a lapse of eighty-four days.[3]

It is a glorious thing to avoid unnecessary delay in the appellate process. And the Supreme Court's rules have accomplished that end . . . a result which should not be thwarted.

NOTE — Reported at 383 N.E.2d 66.

---

3. In appeals of interlocutory orders, the record of the proceedings shall be filed within thirty (30) days of the ruling. AP. 3(B).