CRAWFORDSVILLE APARTMENT COMPANY, Lewis D. Dellinger, Frances O. Burns, Arthur J. Burns and John S. Rader, Appellants–Plaintiffs,

v.

KEY TRUST COMPANY OF FLORIDA, formerly Amerifirst Florida Trust Company, as Personal Representative of the Estate of Robert E. Von Tobel, deceased, Appellee–Defendant.

No. 54A05–9701–CV–6.

Court of Appeals of Indiana.

March 2, 1998.

C. Rex Henthorn, Henthorn, Harris, Taylor & Weliever, Crawfordsville, Joseph T. Ives, Jr., Ives & Ives, Delphi, for Appellants–Plaintiffs.

Roger Wm. Bennett, Christine A. Desanctis, Bennett, Boehning Poynter & Clary, Safayette, for Appellee–Defendant.

## OPINION

RUCKER, Judge.

Appellants (collectively referred to as "Apartment Company") filed a complaint for declaratory judgment against Appellee Key Trust Company of Florida ("Key Trust"). Key Trust countered by filing a motion to dismiss pursuant to Ind.Trial Rule 12(B)(8) alleging the same action was pending in another state court of this state. The trial court granted the motion and Apartment Company now appeals contending the trial court erred in so doing. We disagree and therefore affirm.

■ The record shows that sometime in 1991 Key Trust (formerly known as Amerifirst Florida Trust Company) sued a person by the name of Robert L. Wendt.[1] On August 15, 1991 Key Trust filed a *lis pendens* notice[2] asserting that Wendt owned an equitable interest in certain real estate. Thereafter on December 22, 1993 Key Trust obtained a judgment against Wendt in the amount of $362,097.23. On or about March 22, 1996, Key Trust filed a petition for proceedings supplemental to execution in the Carroll Circuit Court. Wendt was named as judgment-defendant and Apartment Company, which is a limited partnership, was named as garnishee-defendant.[3] Among other things, the petition alleged that during discovery a general partner in the limited partnership asserted that Wendt owned a twenty percent interest in Apartment Company. In accordance with Ind.Trial Rule 69(E) the petition sought an order directing Wendt to appear before the court and answer as to any non-exempt property which could be applied to the outstanding judgment. It also sought an order directing Apartment Company to appear before the court "to answer under oath as to partnership interests, or other non-exempt proper-

ty" which is due or to become due to Wendt. R. at 43.

Shortly thereafter on March 27, 1996 Apartment Company filed a complaint for declaratory judgment against Key Trust in the Montgomery Circuit Court. Lewis Dellinger, Frances Burns, Arthur Burns, and John Rader, all of whom asserted an ownership interest in the property identified in the *lis pendens* notice, were included as parties plaintiff. Among other things the complaint alleged that Robert Wendt did not have an interest in the subject real estate. The complaint sought a judgment declaring as much and also sought a judgment declaring that Key Trust has no such interest. In response Key Trust filed a motion to dismiss under provisions of T.R. 12(B)(8), arguing that the same action was pending in the Carroll Circuit Court. After considering the submissions of the parties, the trial court granted the motion. This appeal ensued in due course.

■ Apartment Company contends the trial court erred in granting Key Trust's motion to dismiss because (i) proceedings supplemental to execution are not an "action pending" for purposes of T.R. 12(B)(8), and (ii) the issues, parties, subject matter, and remedies in the declaratory judgment action are different than those in the supplementary proceedings. The determination of whether two actions are being tried in different state courts constitute the same action depends on whether the outcome of one action will affect the adjudication of the other. *Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc.,* 467 N.E.2d 37 (Ind.Ct.App.1984). As a general principle when an action is pending before an Indiana court, other Indiana courts must defer to that court's authority over the case. *State ex. rel. Meade v. Marshall Superior Court II,* 644 N.E.2d 87 (Ind.1994). Trial

---

1. Neither the nature of the action nor the exact date it was filed appears in the record before us. However, neither fact has a bearing on the disposition of this appeal.

2. *"Lis pendens,"* which literally means pending suit, is governed in this state by statute and court rule. *See* Ind.Code §§ 34–1–4–1 to –9; Ind.Trial Rule 63.1. "The purpose of *lis pendens* or notice of *lis pendens* is to give effective notice to third

persons of pendency of litigation affecting property...." *National City Bank v. Shortridge,* 689 N.E.2d 1248, 1252 (Ind.1997).

3. The petition also named the Security Abstract & Title Company, Inc. as an additional garnishee-defendant. Apparently Apartment Company had recently sold the subject real estate and the proceeds were being held in escrow by the Title Company.

Rule 12(B)(8) implements this principle by allowing dismissal of an action on the grounds that the same action is pending in another Indiana court. The rule applies "where the parties, subject matter, and remedies are precisely the same, and it also applies when they are only substantially the same." *Id.* at 89 (discussing T.R. 12(B)(2), the predecessor to T.R. 12(B)(8)).

In support of its contention that proceedings supplemental to execution are not "action," Apartment Company cites *Myers v. Hoover,* 157 Ind.App. 310, 300 N.E.2d 110 (1973). The question in that case concerned whether supplementary proceedings under the then newly enacted T.R. 69(E) constituted a new and independent civil action for purposes of the ten year statute of limitations. The court determined proceedings supplemental to execution "are not an 'action' on a judgment within the terms of I.C.1971, 32–1–2–2." *Myers,* 300 N.E.2d at 113. We disagree with Apartment Company's apparent argument that *Myers* and the foregoing language stand for the proposition that for all purposes proceedings supplemental are not "action." That was not the holding in *Myers,* and we decline to expand it in the manner Apartment Company suggests. The underlying rationale of T.R. 12(B)(8) is to prevent two courts from concurrently entertaining the same case. *See, e.g., Farmers Nat. Bank of Remington v. Arnett,* 511 N.E.2d 510, 511 (Ind.Ct.App.1987) (reciting well settled authority that where two courts of coordinate jurisdiction both exert authority over cases between the same parties and involving the same subject matter and issues, the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of). Thus, the resolution of this appeal is not dependent upon an overly technical interpretation of terms.[4] Rather the linchpin of this case concerns whether two courts would have been exercising jurisdiction over the same

case, but for the grant of a 12(B)(8) motion to dismiss. To resolve the question we examine whether the parties, subject matter, and remedies are either precisely or substantially the same. *Marshall,* 644 N.E.2d at 89.

Pointing out that the parties in the proceedings supplemental are different than those in the declaratory judgment action, Apartment Company contends the trial court erred in granting the motion to dismiss. In *State ex. rel. Int'l Harvester Co. v. Allen Circuit Court,* 265 Ind. 175, 352 N.E.2d 487 (1976) relator filed an original action seeking to require the Allen Circuit Court to hold in abeyance a remonstrance proceeding pending the outcome of another case pending in the Whitley Circuit Court. Both cases involved competing annexation ordinances between the City of Fort Wayne and the City of New Haven. Acknowledging that the City of New Haven was not a party to the instant remonstrance, relator argued, among other things, that the court should nonetheless issue its extraordinary writ despite the difference between the named parties in each action. Specifically relator argued that the "same party" requirement was a "technicality." *Id.* at 489. The supreme court agreed and held that the rule concerning which court exercised exclusive jurisdiction "is applicable in spite of the variance in subject matter and parties." *Id.* The court also explained "the absence of various parties in one of two suits allegedly in conflict has not defeated the right of equitable relief by way of extraordinary writ." *Id.* at 490. Because the relator as well as the City of Fort Wayne were parties in both cases the court issued its writ of prohibition. In this case Apartment Company and Key Trust are parties in both the proceedings supplemental action as well as the declaratory judgment action. As with the parties in *Int'l Harvester,* although the parties here are not exactly the same they are substantially enough so for purposes of T.R. 12(B)(8).

---

4. Apartment Company invites this court to construe the meaning of "action" and "pending" arguing, among other things, "action" means "a suit brought in court, a formal complaint within the jurisdiction of a court of law." *Brief of Appellant* at 18, 19 citing *Pathman Const. Co. v. Knox County Hospital Ass'n,* 164 Ind.App. 121,

326 N.E.2d 844, 854 (1975). "Pending," according to Apartment Company means "during the continuation of an event." *Brief of Appellant* at 19 citing *Cincinnati H. & D. Ry. Co. v. McCullom,* 183 Ind. 556, 109 N.E. 206 (1915). Both cases are distinguishable from the case at bar.

Apartment Company also insists that the subject matter in the two cases are not the same. According to Apartment Company the issue to be determined in the supplemental proceedings is whether Wendt owned an interest in Apartment Company, as a limited partnership. On the other hand, Apartment Company maintains, the issue to be determined in the declaratory judgment action is whether Trust Company wrongfully impaired the title to the subject real estate.

We first observe that even as framed by Apartment Company the issue in both courts while not precisely the same does overlap to some extent. For example the issue of whether Key Trust wrongfully impaired title to Apartment Company property is dependent upon whether Wendt owned an interest in the property in the first place. Should the Carroll Circuit Court determine that Wendt owned no such interest, then resolution of that issue is determinative of the outcome in the Montgomery Circuit Court. In any event, regardless of how the issue is framed, for purposes of 12(B)(8) the question is whether the "subject matter" is either precisely or only substantially the same. *Marshall*, 644 N.E.2d at 89. Here, the subject matter in both actions concerns a specific parcel of real estate owned by Apartment Company, and involves the question of whether Wendt owns an interest therein. In both cases the subject matter is precisely the same.

On the matter of whether the remedies in both cases are the same, Apartment Company identifies the remedy in the proceedings supplemental as requiring Apartment Company to appear and answer regarding Wendt's interest in the real estate. On the other hand, according to Apartment Company, the declaratory judgment action requests removal of the *lis pendens* notice. First, we note that in addition to requesting that the *lis pendens* notice be removed, Apartment Company also sought a declaration that "Wendt has no interest in any of the real estate described in this complaint" and that "[Key Trust] has no interest in any of the above described real estate." R. at 17. Thus, the remedy Apartment Company seeks in the declaratory judgment action is not

quite as narrow as it now contends. Be that as it may, the remedies are sufficiently similar to satisfy a T.R. 12(B)(8) motion to dismiss. If the Carroll Circuit Court finds Wendt has no interest in either the Apartment Company's partnership or Apartment Company's real estate, then Key Trust cannot recover the proceeds from the sale of the real estate. The result would be the same if the Montgomery Circuit Court were to determine Wendt has no interest in the Apartment Company or real estate. Therefore, the remedies are substantially similar: Key Trust may or may not recover proceeds from the sale of Apartment Company's real estate. In the event Key Trust may not recover proceeds, Apartment Company would be free to sell, encumber, or transfer the real estate and distribute the funds as it wishes.

Because the parties, subject matter, and remedies of the competing actions are substantially the same, the Montgomery Circuit Court properly granted Key Trust's motion to dismiss and appropriately deferred to the Carroll Circuit Court's authority over the issue of whether Wendt has an interest in Apartment Company, and thus, the real estate.

Judgment affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.